This is a suit for damages by Mrs. Helen K. Fitzgerald against the Big Chain Stores, Incorporated, a Louisiana corporation operating a number of retail grocery stores in Shreveport, Louisiana. The lower Court rendered judgment for defendant and plaintiff is prosecuting this appeal. Plaintiff neither alleged nor proved any negligence on the part of defendant and relies solely on the doctrine of res ipsa loquitur for recovery.
The accident to plaintiff occurred on August 4, 1939, in a Big Chain Store located on Fairfield Avenue in the city of Shreveport. Her account of the accident is best given in her own words and is as follows:
"Well, of course I went to the store to shop, and in going in you usually pick up a basket out of the basket bin, and I wanted canned goods that morning so I went toward the canned goods shelves and after I had picked up the basket, I was going by this bottle rack of bottles and heard a noise and looked around to see the reason for the noise and I saw broken glass on the floor and then I saw blood spurting out of my leg, I didn't even know it touched me or anything, I had no pain at all, felt no pain at all, and reached down and tied a handkerchief around my leg, still I didn't think it amounted to much, but there was a lady in the store who came rushing over, and then she called Mr. Barnett, who was further down in the store and he came over and called a young man to go and get the car."
On cross-examination plaintiff stated that the basket she picked up just before reaching a place opposite the bottle-rack, which the record shows adjoined the basket-rack, was a splint basket. The record shows it to have been about eighteen inches in length. She could not describe the noise other than just a "noise". Plaintiff stated she picked up the basket in her right hand and transferred it to her left, the bottle-rack being to her right. She testified she still had the basket in her hand after the accident and until she was placed in a car to be sent to the sanitarium.
The Manager of defendant's store, who was in the store at the time and only about fifteen feet from plaintiff when she received the injury in her leg, testified that the floor of the store had been mopped the night before and swept on that morning between 8:30 and 9:30 and there was no glass on the floor at that time. Someone in the store called his attention to the fact that plaintiff had been injured immediately after the occurrence and he went to her aid. He saw a broken ginger ale bottle on the floor, as well as the fluid from said bottle. He did not hear any noise or the sound of a breaking bottle. There was no fluid on the bottom shelf of the rack from whence the bottle fell, doing away entirely with any theory of an explosion of a bottle while sitting on the rack. The bottle either fell from the lower shelf of the rack, because it was insecurely placed thereon, or it was knocked from the shelf by plaintiff's basket.
The basket-rack and bottle-rack adjoined and, as described by the store Manager, were the same as one. It consisted of three shelves approximately three feet long and fourteen inches wide, the distance in height between the shelves was approximately twelve inches, and each of the upper shelves dropped back like the steps of a staircase. Several hundred bottles of soft drinks were kept on these shelves and were placed one against the other, all sitting on their bottoms. On the lower shelf of the rack, which was six inches from the floor, there were located the twelve ginger ale bottles, which are approximately nine inches in height, and it was one of those ginger ale bottles which either fell or was knocked off and caused plaintiff's injuries.
The Manager testified further that he was looking at plaintiff just prior to the accident and his attention was diverted from her only a few seconds before she was injured. At that time she was near the rack where the bottles were stored and was facing the rack at about a forty-five-degree angle and in the act of turning. Plaintiff testified she picked the basket up with her right hand and transferred it to her left. The basket and bottle racks were adjacent to each other and the only reasonable conclusion is that when she faced the rack, picked up the basket and transferred it to her left hand, she struck the bottle and knocked it to the floor. The Manager *Page 135 
testified that was the only possible way she could have knocked the bottle from the rack.
[1] There was nothing irregular in the manner the bottles were placed on the shelves. Their condition on the rack was apparent to plaintiff and she was in as good or better position to know what caused the bottle to fall as was the Manager, who was defendant's agent and, for that reason, we are of the opinion plaintiff cannot invoke the doctrine of res ipsa loquitur. Joynes v. Valloft Dreaux, Inc., La. App.,1 So.2d 108.
[2] The above decision fully discusses many of the authorities pertinent to the above rule and we will not recite them here. Plaintiff has failed to show any negligence on the part of defendant and therefore the judgment of the lower Court rejecting her demands is correct and is affirmed, with costs.