110 So.2d 881 (1959)
Columbus SHIELDS, Jr., Plaintiff-Appellant,
v.
UNITED GAS PIPE LINE COMPANY, Defendant-Appellee.
No. 8972.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1959.
*883 Gahagan & Gahagan, Natchitoches, for appellant.
Blanchard, Goldstein, Walker & O'Quin, Shreveport, for appellee.
Cook, Clark, Egan, Yancey & King, Shreveport, for intervenor.
Before GLADNEY, AYRES, and JAMES E. BOLIN, JJ.
AYRES, Judge.
In this action ex delicto plaintiff appeals from a judgment sustaining an exception of no cause and of no right of action. The question for determination is the applicability vel non of the doctrine of res ipsa loquitur under the facts alleged in plaintiff's petition. The petition contains no allegations of specific or general negligence on the part of defendant or its employee. Plaintiff relies for recovery solely upon the doctrine of res ipsa loquitur.
The alleged facts may be briefly summarized. Plaintiff was employed as a service station attendant for one Pierre Brossette in the City of Natchitoches, Louisiana. His duties required him to wash, grease and service motor vehicles brought to the station for that purpose. On December 1, 1957, or thereabouts, a truck owned by the defendant, United Gas Pipe Line Company, was brought to the station by A. E. Slack, an employee of defendant, for servicing. The truck was first parked in front of the station to await the availability of a wash rack. Thereafter it was driven on a wash rack at the station and was washed by Lonnie Wadsworth, a fellow employee of plaintiff. On the completion of this operation, plaintiff drove the vehicle onto the grease rack. He greased it, cleaned inside the cab and lifted the floor mat and floor board to enable him to check the battery. After lifting the floor board, a piece of wire was observed lying on the battery, which plaintiff attempted to move to enable him to unscrew the battery caps. As he lifted the wire from the battery, an explosion occurred. The wire was blown into bits and pieces and forcibly blown as shrapnel into his hand, fingers, left arm and leg, particularly cutting, bruising and mangling his left hand and the ring finger so that the finger had to be amputated. Portions of the shrapnel are alleged to remain in his hand and legs. The explosion occurred about 4:30 o'clock P. M. after the truck had been parked at the station for about two hours.
Plaintiff further alleged lack of knowledge of the cause of the explosion but contends, in the ordinary course of events, such as washing, greasing and servicing a motor vehicle, such an accident does not usually result, and further that there is usually nothing about a motor vehicle that would explode or cause injury to a person while servicing it.
Defendant's contention is that the doctrine has no application to the facts as alleged in plaintiff's petition. This contention is predicated, first, upon plaintiff's failure to allege what instrumentality or agency was responsible for the alleged explosion, in the absence of which there is no showing of any relationship between the defendant and an agency or instrumentality which may have caused the alleged explosion; secondly, it is contended that plaintiff's petition does not disclose possession or control in defendant of any instrumentality which may have produced the alleged explosion, and, finally, it is contended it could not be reasonably presumed *884 from plaintiff's allegations that defendant's knowledge or information as to the occurrence of the accident or the cause thereof was superior to the knowledge or information of the plaintiff himself. In this connection, it is contended that plaintiff is affirmatively shown by his petition to have had the exclusive custody and control of defendant's truck and, being present, is obviously in a better position than the defendant to have or to acquire information as to the explosion and its cause.
The phrase "Res Ipsa Loquitur" literally translated means "The thing itself speaks" or "The thing speaks for itself". The doctrine of res ipsa loquitur is that when a thing which causes injury without fault of the injured person is shown to be under the exclusive control, actual or constructive (Johnson v. Louisiana Coca-Cola Bottling Co., Ltd., La.App., 63 So.2d 459; Saunders v. Walker, 229 La. 426, 86 So.2d 89), of the defendant, or where freedom of fault is shown on the part of all persons through whose hands the instrumentality passed after it left defendant (Plunkett v. United Electric Service, 214 La. 145, 36 So.2d 704, 3 A.L.R.2d 1437; Talley v. Brock Furniture Co., La.App., 81 So.2d 443; Saunders v. Walker, supra), and the injury as such in the ordinary course of things does not occur if the one having such control uses proper care, then the injury is presumed to have arisen from the defendant's want of care.
To clarify and facilitate an understanding of the doctrine, this question appears appropriate: What is the "thing" which speaks? In this regard, it may be pointed out that the thing which speaks is the unusual factor within the causal chain which connects the injury to the plaintiff with the act or omission of the defendant.
In the absence of special circumstances sufficient to bring into operation the doctrine of res ipsa loquitur, the mere happening of an accident or occurrence of an injury does not raise a presumption or authorize an inference of negligence on the part of the defendant. Dorman v. T. Smith & Son, Inc., 223 La. 29, 64 So.2d 833; Meyerer v. S. H. Kress & Co., La.App., 89 So.2d 475; Jones v. Shell Petroleum Corp., 185 La. 1067, 171 So. 447; Morales v. Employers' Liability Assur. Corp., 202 La. 755, 12 So.2d 804; 65 C.J.S. Negligence § 220(1), p. 985. The doctrine is a rule of evidence peculiar to the law of negligence and is an exception or a qualification of the general rule that negligence is not to be presumed but must be affirmatively established. Plunkett v. United Electric Service, supra; Gerald v. Standard Oil Co. of Louisiana, 204 La. 690, 16 So.2d 233.
As a preliminary proposition, plaintiff must establish the "thing" that caused the injury. The doctrine of res ipsa loquitur permits an inference that the known act which produced the injury was a negligent act, but there is no inference as to what act produced the injury, and no foundation is laid for the application of the doctrine where the physical act or the thing which caused the injury is unknown or is not disclosed or identified. 65 C.J.S. Negligence § 220(8), sub-section (b). Nor is the doctrine applicable where the injury might have been brought about by one, two or more causes, neither of which is included or excluded by any affirmative showing. Kean's v. National Surety Corp., La. App., 53 So.2d 427.
Nowhere in plaintiff's petition is an instrumentality or agency designated as the thing which caused or produced the explosion. It is not alleged that the truck or any of its parts or contents exploded. Neither the battery, gasoline or oils nor their containers were alleged to have exploded. There is no allegation of any instrumentality of the defendant or of any instrumentality in its possession, actual or constructive, that produced or brought about the explosion complained of. Where, from the nature of the facts alleged, it is reasonable to assume that the explosion may have been *885 caused by the negligence of another or through the instrumentality or agency of another, the doctrine is without application. Nor can the doctrine be invoked, when the accident might have happened as the result of two or more causes, with some of which defendant had no causal connection. Larkin v. State Farm Mutual Automobile Ins. Co., 233 La. 544, 97 So.2d 389; Morales v. Employers' Liability Assurance Corp., supra; Dorman v. T. Smith & Son, Inc., supra.
If we may infer that the explosion was produced or brought about by the truck or some of its parts or contents, we could as well and with equal propriety infer that, from the oil, grease and gasoline sometimes prevalent on the floors and about the premises of filling stations, fumes accumulated and produced the explosion. The petition alleges no more than that coincidentally with plaintiff's servicing defendant's truck an explosion occurred, as a result of which he was injured. This is insufficient in the absence of a showing of causal connection or relationship between the explosion and some instrumentality of defendant.
No instrumentality or agency of the defendant or of any agency or instrumentality in its possession, actual or constructive, having been designated as causing the accident, the conclusion is inescapable that the doctrine is inapplicable and cannot be invoked. It is, therefore, obvious that defendant is not shown to have had any causal connection or relationship with an agency or instrumentality which brought about the explosion. The inference or presumption arising from the happening of an accident does not attach to one, who, from reference to the plaintiff's petition or evidence adduced upon trial, is not shown to be in control of the operation which produced the injury. Arrington v. Hearin Tank Lines, Inc., La.App., 80 So.2d 167; Lockwood v. Kennedy, La.App., 44 So.2d 176.
In addition, for the doctrine to be applicable, the case presented must be one in which the plaintiff cannot be expected to have information as to the cause of the accident, and the defendant on the contrary must from the circumstances be presumed to be fully informed on the subject. Lognion v. Peters, La.App., 44 So.2d 381.
Inasmuch as plaintiff has neither designated any agency or instrumentality in the possession, actual or constructive, of the defendant, or that the defendant was better informed of the cause of the accident than plaintiff, it logically follows plaintiff improperly invoked the doctrine of res ipsa loquitur. Since his action is predicated solely upon that doctrine, his petition, in its failure to allege actionable negligence on the part of the defendant and/or its employee for whom it would be responsible, and in its failure to properly allege facts and circumstances under which the doctrine of res ipsa loquitur might be properly invoked, fails to disclose a cause of action.
One of the effects of the dismissal of plaintiff's demands for compensation is necessarily a like dismissal of the intervention and third opposition of the American Employers' Insurance Company wherein it sought to be reimbursed out of any recovery by plaintiff of the amount of compensation paid by it as the compensation insurer of the employer. Accordingly, defendant's exception as to those demands was likewise proper.
The ultimate effect of the dismissals, however, in our opinion, is one of non-suit and the judgment will be amended accordingly.
For the reasons assigned, the judgment appealed is amended as of non-suit by the dismissal of plaintiff's demands and, as thus amended, is affirmed at appellant's cost.
Amended and affirmed.
HARDY, J., absent.