AYRES, Judge.
This is an action in tort wherein plaintiff seeks to recover of the defendants damages to his pasture and for destruction of timber by a fire of January IS, 1956, on a tract of land owned by plaintiff in DeSoto Parish.
On the occasion of the fire, a pipeline across plaintiff’s property was under construction by J. E. Tyler, who subcontracted the welding of the line to Ted Alford. Plaintiff alleged that Chester Freeman, Alford’s employee, negligently permitted the fire to start while he was engaged in his welding operations. Made defendants, in addition to Tyler and Alford, were Great American Indemnity Company and Old Republic Insurance Company, their respective insurers. In answer to plaintiff’s demands, defendants denied any responsibility for the occurrence of the fire.
From an adverse judgment, plaintiff perfected an appeal to the Supreme Court. The appeal, however, was transferred to this court (239 La. 1, 117 So.2d 824).
On the question of liability, plaintiff relies entirely upon the doctrine of res ipsa loquitur and complains of the trial court’s failure to apply this doctrine to the facts of this case.
The pertinent facts may be briefly summarized. A fire did occur on plaintiff’s property on or about the date alleged and, while a welding machine was in use in connection with the construction of the pipeline across plaintiff’s property, approximately 57 acres of the tract, located on both sides of the pipeline and extending across a wooded area to a road in Caddo Parish, were burned. The area burned was approximately one-half mile in length. There was no evidence, however, that defendant’s employees caused or were responsible for the fire. Nor is there any proof as to how or where the fire started, of that it was caused by the welding machine. The weather was dry and the area was covered with dead grass. Only a possibility was shown that the fire was started *856 by defendant’s employees or through their operations. The evidence does not eliminate the possibility that the fire may have been started by a trespasser, a hunter, or persons unknown, or through some unknown cause.
The mere occurrence of an accident or the mere sustaining of damage or injury, in the absence of the establishment of facts warranting the. application of the doctrine of res ipsa loquitur, does not raise a presumption or authorize an inference of negligence on the part of a defendant. This doctrine is a rule of evidence peculiar to the law of negligence. It is an exception to, or a qualification of, the general rule that negligence is not to be presumed but must be affirmatively established. The term “res ipsa loquitur,” meaning “The thing itself speaks,” is explained that, when a thing which causes injury, without fault of the injured party, is shown to be under the exclusive control, actual or constructive, of a party, and the injury as such in the ordinary course of events does not occur, if the one having such control uses proper care, the presumption is that the injury arose from the party’s want of care. Shields v. United Gas Pipe Line Company, La.App., 110 So. 2d 881, 884.
As we pointed out in the Shields case,
“As a preliminary proposition, plaintiff must establish the ‘thing’ that caused the injury. The doctrine of res ipsa loquitur permits an inference that the known act which produced the injury was a negligent act, but there is no inference as to what act produced the injury, and no foundation is laid for the application of the doctrine where the physical act or the thing which caused the injury is unknown or is not disclosed or identified. 65 C.J.S. Negligence § 220(8), sub-section (b). Nor is the doctrine applicable where the injury might have been brought about by one, two or more causes, neither of which is included or excluded by any affirmative showing. Kean’s v. National Surety Corp., La. App., 53 So.2d 427.”
As heretofore stated, there is no-proof that the fire emanated from the welding machine or was caused by any other instrumentality or person under defendants’ control. Therefore, it logically follows, plaintiff cannot successfully invoke the application of this doctrine. Nor may the doctrine be invoked where, from the nature of the facts established by the record, it is reasonable to conclude that the fire may have been caused by the negligence of another or through the instrumentality or agency of another. Morales v. Employers’ Liability Assur. Corporation,. 202 La. 755, 12 So.2d 804; Ardoin v. Millers Mutual Fire Ins. Co. of Texas, La.App., 92 So.2d 123; Klein v. Beeten, 169 Wis. 385, 172 N.W. 736, 5 A.L.R. 1237; Quass v. Milwaukee Gas Light Co., 168 Wis. 575, 170 N.W. 942.
As was observed by Prof. Wex S. Malone, in IV Louisiana Law Review, pages 70, 75-76, 80, in an article entitled. “Res Ipsa Loquitur and Proof by Inference — A Discussion of the Louisiana Cases,"
“It is commonly stated that two conditions must be met before the doctrine can apply. First, the accident must be one that ordinarily would not occur in the absence of negligence. * * * ******
“A second requirement in the application of the doctrine relates to the extent to which the defendant participated at the scene of the accident. It is commonly said that res ipsa loquitur is-not available unless it is shown that the defendant was in exclusive control of the agency that caused the injury.
There was no proof, independent of the doctrine of res ipsa loquitur, which we have held inapplicable and improperly invoked for lack of proof of the essential facts- *857 upon which the doctrine may be predicated, that defendants or their employees started the fire or were responsible therefor. It therefore necessarily follows that plaintiff has failed to establish liability on the part of the defendants for the damages allegedly sustained. Hence, the judgment rejecting plaintiff’s demands is, in our opinion, correct.
Accordingly, the judgment appealed is affirmed at appellant’s cost.
Affirmed.