126 So.2d 398 (1960)
Mrs. Melvin BAUER, Plaintiff-Appellee,
v.
COLUMBIA CASUALTY COMPANY, Defendant-Appellant.
No. 9353.
Court of Appeal of Louisiana, Second Circuit.
December 1, 1960.
Rehearing Denied February 2, 1961.
*399 Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, for appellant.
Morgan, Baker, Skeels, Middleton & Coleman, Shreveport, for appellee.
AYRES, Judge.
This is an action in tort. Plaintiff claims damages for personal injuries allegedly sustained in an accident of Saturday, November 15, 1958, at defendant's assured's place of business, a slenderizing salon. On trial, plaintiff was awarded judgment for $1,000. Defendant has appealed.
The facts and circumstances as to the occurrence of the accident may be briefly summarized. Plaintiff was cut by falling glass while attempting to open a door to a steam room of the salon.
The facilities of the salon were located on two floor levels. On the ground floor were the general offices, the exercise areas, and a massage room. On the floor beneath were a steam room, showers, lockers, and dressing rooms. The steam room was small. The floor was concrete, as were the seats or benches therein. The door thereto was a regular shower-stall door, glass with aluminum frame, equipped with a handle on both sides and opening outward. The door was described as a full-hinged door, that is, a single hinge extended from its top to the bottom. It was held closed by means of two felt pads, ¼-inch thick by three inches wide, spaced 12 inches apart and cemented to the wall or door facing, or frame. Temperature controls located outside the room maintained a temperature therein at approximately 105 degrees.
Plaintiff was a patron of this salon. For approximately 19 months, she was given steam baths and massages almost daily. On her arrival at the salon on the morning of the accident, ahead of the attendants, plaintiff went directly to the dressing rooms and then to the steam room where she proceeded to take the steam bath. On the completion of this bath, and on learning the masseuse had not arrived, she stepped back into the steam room to avoid being chilled. One or two others were in the steam room at the time and, according to plaintiff, the last one leaving "slammed" the door. She then noticed that the "rubber," or felt, as heretofore described, had seemingly folded over between the door and frame. Whereupon, she called to Mrs. Jo Norwood, who was the last person leaving the room, and exclaimed: "I believe the door is stuck, open it please." Plaintiff further testified she began to tap on the door. The door broke and the glass scattered, cutting her on the arm, toe, and shin as it fell. She also sustained numerous superficial cuts about the body.
In narrating the circumstances, plaintiff did not testify that she endeavored to open the door before she began tapping thereon. Only in answer to leading questions, did she testify that she attempted to open the door by use of the handle. Plaintiff further testified that Mrs. Norwood, at the same time, was pulling on the door by use of the handle on the outside. Mrs. Norwood, however, testified that, while she was uncertain whether she had actually touched the handle, she positively did not pull upon the door but that, as she reached the door, the glass broke, whereupon she threw her hands up to avoid being struck by the falling glass.
*400 Negligence charged to defendant's assured consists of its failure (1) to maintain the door to the steam room in a properly operating and safe condition, (2) to install a door which would permit ready and immediate departure from the steam room of persons who may become overheated, (3) to provide necessary attendants, (4) to anticipate the dangers inherent in the door to patrons who may become overheated and exhausted in the steam room, and (5) to warn such patrons of the aforesaid dangers.
These specifications of negligence are without merit. Plaintiff learned, on her arrival, that none of the attendants on the lower floor had arrived at that hour. Nevertheless, she proceeded, on her own accord, to the steam room and to take the steam bath. Plaintiff obviously, after patronizing this salon amost daily for a prolonged period of time, was familiar with the operation of the steam baths. She does not claim to have become overheated or exhausted while taking this bath. She was not attempting to open the door because of the heat, steam, or exhaustion. On the contrary, her testimony makes it very clear that the steam heat was not excessive and that she did not become overheated or exhausted. Nor does the proof establish that any dangers existed in the door, in either its construction or operation. The door had opened and closed properly, to plaintiff's knowledge, over a period of 19 months and, three times, by her, immediately preceding the occurrence of the accident.
The assured's representative made a routine check of this salon after its closing on the night preceding the occurrence. According to his testimony, the door was in perfect working order. Another inspection was made on the following Monday morning and no defect in, or improper functioning of, the door was disclosed. The felt was not folded so as to bind the door when it closed.
Plaintiff, however, relies primarily, for recovery upon the doctrine of res ipsa loquitur. The phrase, literally translated, means "The thing speaks [for] itself." The doctrine is that when a thing which causes injury without fault of the injured person is shown to be under the exclusive management or control of a defendant, and the injury as such, in the ordinary course of things, does not occur, if the one having such management or control uses proper care, then the injury is presumed to have arisen from the defendant's want of care. Saunders v. Walker, 229 La. 426, 86 So.2d 89; Plunkett v. United Electric Service, 214 La. 145, 36 So.2d 704, 3 A.L.R.2d 1437; Talbert v. Tyler, La.App.1960, 121 So.2d 854; Shields v. United Gas Pipe Line Company, La.App.1959, 110 So.2d 881; Johnson v. Louisiana Coca-Cola Bottling Co., La. App.1953, 63 So.2d 459.
However, the mere occurrence of an accident or the mere sustaining of damage or injury, in the absence of the establishment of facts warranting the application of the doctrine of res ipsa loquitur, does not raise a presumption or authorize an inference of negligence on the part of a defendant. Dorman v. T. Smith & Son, Inc., 223 La. 29, 64 So.2d 833; Morales v. Employers' Liability Assur. Corporation, 202 La. 755, 12 So.2d 804; Jones v. Shell Petroleum Corporation, 185 La. 1067, 171 So. 447; Talbert: v. Tyler, supra; Shields v. United Gas Pipe Line Company, supra; Meyerer v. S. H. Kress and Co., La.App. 1956, 89 So.2d 475; 65 C.J.S. Negligence § 220(1), p. 985. The doctrine is a rule of evidence peculiar to the law of negligence and is an exception or a qualification of the general rule that negligence is not to be presumed, but must be affirmatively established. Plunkett v. United Electric Service, supra; Gerald v. Standard Oil Co. of Louisiana, 204 La. 690, 16 So.2d 233; Talbert v. Tyler, supra; Shields v. United Gas Pipe Line Company, supra.
In order that the doctrine of res ipsa loquitur may apply, the plaintiff must first present sufficient proof of the existence of all the elements necessary to bring *401 the doctrine into operation, or to lay the foundation for the presumption or inference arising therefrom. These essentials include (1) a superior knowledge on the part of the defendant as to the cause of the accident, (2) the absence or unavailability of direct evidence of negligence, (3) the existence of a sufficient duty on the part of the defendant to use due care, and (4) proof of the accident or injury and defendant's relation thereto. 65 C.J.S. Negligence § 220(4), p. 999.
The evidence does not establish that the defendant's assured possessed a superior knowledge or means of information as to the cause of the accident. Plaintiff was obviously, from her long experience, familiar with the operation of the steam bath. Nor does the testimony disclose, if it be conceded a danger existed, that defendant was better informed thereon than the plaintiff.
Nor do we find that the rule may be properly invoked here because of the absence and unavailability of direct evidence as to the cause of the accident. Plaintiff's action in tapping the door, without question, broke the glass therein. While there is no question that the defendant's assured was under a duty to plaintiff to use ordinary care, the evidence does not disclose there was a failure in that regard. Nor does the evidence establish that the accident occurred or that the injuries sustained by plaintiff resulted from or arose by reason of defendant's violation of its obligation to use due and ordinary care.
Without doubt, the accident may have occurred because of plaintiff's own acts in tapping the door. Where, from the nature of the facts established, it is reasonable to assume that the accident may have been caused by the negligence of another or through the instrumentality or agency of another, other than the defendant, the doctrine is without application. Nor can the doctrine be invoked when the accident may have resulted from two or more causes, with some of which a defendant had no causal connection. Larkin v. State Farm Mutual Automobile Ins. Co., 233 La. 544, 97 So.2d 389; Dorman v. T. Smith & Son, Inc., supra; Morales v. Employers' Liability Assur. Corporation, supra; Talbert v. Tyler, supra; Shields v. United Gas Pipe Line Company, supra; Kean's v. National Surety Corp., La. App.1951, 53 So.2d 427.
There was no proof, as we have heretofore endeavored to point out, independent of the application of the doctrine of res ipsa loquitur, to establish negligence upon the part of defendant's assured. For the aforesaid reasons, this doctrine has no application and was improperly invoked for lack of proof of the essential facts upon which it may be predicated. The conclusion is therefore inescapable that plaintiff has failed to establish fault on the part of the defendant for the injuries allegedly sustained by her.
Accordingly, the judgment appealed is annulled, avoided, reversed and set aside, and plaintiff's demands be and they are hereby, rejected at her cost.
Reversed.