HERGET, Judge.
Calvin W. Briggs, Jr., individually and on behalf of his minor son, Calvin Louis Briggs, instituted suit-to recover damages resulting from injuries received by his son when, on July 14, 1956, a homemade bomb exploded. Defendants are Lloyd H. Stevens, father of the minor Ronald Elmo Stevens, and his liability insurer, Iowa Mutual Insurance Company. In his petition Plaintiff alleged the doctrine of res ipsa loquitur was applicable and, in the alternative, alleged the accident resulted from the negligence of Lloyd H. Stevens and his son Ronald, in purchasing, possessing and exploding dangerous explosives.
Defendants denied the applicability of the doctrine of res ipsa loquitur; denied the negligence of Lloyd H. Stevens and, in the alternative, pled contributory negligence of Calvin L. Briggs, the minor, which negligence Defendants contended imputed to the father bars recovery for medical expenses paid by him. Defendant Stevens then assumed the position of Plaintiff in reconvention and sought damages on behalf of his minor son for injuries sustained by him, alleging the father was liable for the negligent acts of his son, Calvin Louis Briggs.
*907 Following trial on the merits, the Trial •Court rendered judgment rejecting Plaintiff’s demands and rejecting the demands of Defendant, Plaintiff in reconvention. From the judgment rejecting Plaintiff’s demands and dismissing his suit, Plaintiff appealed to this Court.
The facts are not disputed. Ronald Stevens invited his friend, Calvin Briggs, both boys being 14 years of age, to Ronald’s house for the purpose of discharging a homemade bomb made by Ronald out of a 30-06 cartridge filled with powder extracted from firecrackers. On their way to Ronald’s house they stopped at a grocery store beyond the City limits of Baton Rouge and purchased a large firecracker from which to procure a fuse to insert in Ronald’s improvised bomb. When they arrived at Ronald’s house they obtained the bomb from a furniture drawer inside the home where he had placed same. The boys, taking the bomb with them, went into the back yard for the purpose of inserting the fuse from the firecracker in the cartridge. On their way to the back yard, Ronald’s mother, cognizant of their activities, warned the boys to be careful. Ronald’s father was not at home when the accident occurred; however, he admitted he had permitted his son to possess and explode firecrackers. Upon attempting to insert the fuse into a hole which had been drilled into the cartridge shell, they discovered the hole was too small; whereupon, Ronald obtained a hammer and nail and attempted to enlarge same. Ronald, meeting with no success in this operation, at the request of Calvin, gave Calvin the hammer and nail for the purpose of permitting Calvin’s attempting accomplishment of their desired result. When Calvin inserted the point of the nail in the hole and proceeded to strike its head with the hammer the bomb exploded, injuring both boys.
Plaintiff contends Mr. and Mrs. Stevens were negligent per se in permitting their son to possess and explode fireworks in violation of City Code ordinances of the City of Baton Rouge.
Counsel for all parties stipulated:
“MR. WEBER: * * * Well, it is stipulated by and between counsel for plaintiff and defendants that there is a city ordinance in the City of Baton Rouge, and at the time of the accident, to the effect that it shall be unlawful for any person to have, keep, store, use, manufacture, offer to sell, handle or transport any pyrotechnics within the city limits of the City of Baton Rouge.”1
The Trial Court concluded the purchase of the firecracker and the possession thereof by the boys had nothing to do with the accident for the reason the explosion occurred prior to the insertion of the fuse into the cartridge.
In his testimony, Ronald related he had deposited in the bomb, previous to the date of the accident, the powder from eight or ten firecrackers. Accordingly, the possession of such powder which caused! the explosion is clearly violative of ordinances of the City of Baton Rouge, Louisiana. Consequently, Ronald Stevens and his father were guilty of negligence proximately causing the injuries to the boys. Stuckey v. Hayden, La.App., 3 So.2d 443. Moreover, the father is answerable for the negligence of his son in permitting the use of an inherently dangerous instrumentality in a careless manner. LSA-C.C. Article 2318. The fact Mr. Stevens was not present at the time the explosion occurred does not alter his responsibility for, admittedly, he had permitted his son to purchase and discharge firecrackers. This unfortunate accident may have been avoided had he exercised his parental authority and prohibited his son from exploding firecrackers. Mullins v. Blaise, 37 La.Ann. 92; Johnson v. Butterworth, 180 La. 586, 157 So. 121.
Accordingly, Plaintiffs are entitled to recover unless the contributory negligence of Calvin bars same.
It is apparent Calvin Louis Briggs was aware of the dangerous activity in which both boys were engaged. Being 14 years of *908 age and' having been shown to be of such intellectual quotient as to be cognizant of the danger involved, he is likewise guilty of negligence for it was he who actually was striking the blow which set off the explosive causing the injuries. Calvin knew the cartridge was packed with powder. He had previously exploded a similarly constructed bomb and we are satisfied, despite the denial on his part, he knew or should have known the bomb could be exploded by striking same in the manner in which he did. We believe, though he was unaware ■of the probability of the action causing the explosion, he no doubt was conscious of such possibility. Knowingly, he engaged in a jont dangerous venture.
The case is somewhat analogous to the facts of the case of Knight v. Thomas, La. App., 141 So.2d 134. Therein plaintiff suffered the loss of an eye resulting from a steel sliver being dislodged, striking him in the eye while assisting his brother-in-law in attempting to remove a bearing from an axle of an automobile through the use of a cold chisel and hammer. We held plaintiff was contributorily negligent, barring his recovery and, 141 So.2d at pages 137 and 138, said:
“ * * * Each party to this accident was equally aware of the danger inherent in such operation and plaintiff’s voluntary intentional and unreasonable exposure to obvious danger from dislodged steel slivers or other hard objects resulting from defendant’s forceful striking with the hammer on the chisel without in any way shielding his eyes or wearing any protective goggles concurred with the negligent act of defendant and was a proximate cause of his unfortunate injury.”
Inasmuch as the testimony reveals there is direct evidence of negligence which caused the explosion, the doctrine of res ipsa loquitur is inapplicable. Bauer v. Columbia Casualty Company, La.App., 126 So.2d 398; Percle v. Ordoyne et al., La.App., 150 So.2d 902.
The negligent acts of the son, Calvin, are imputed to the father and, accordingly, bars his right to recover medical expenses.
For these reasons, the judgment of the Trial Court is affirmed.