SAVOY, Judge.
This is an appeal by plaintiff from a dismissal of his suit by the district court.
For a cause of action plaintiff alleged that he was working on a building occupied by defendant; and'while in the process of carrying boiling tar on this building, the roof gave way; that he fell to the ground and sustained serious permanent injuries resulting from said accident. Plaintiff alleged further that the sole and proximate cause of the accident was the negligence of defendant (1) in failing to furnish plaintiff a safe place in which to work; and (2) in failing to give any kind of warning or indication that the roof was not safe.
Defendant filed a general denial, and further answering plaintiff’s suit, stated that the plaintiff had been fully compensated for injuries suffered as a result of the accident by the insurer of his employer by virtue of a compromise settlement. Defendant also stated in its answer that the injuries sustained by plaintiff in the instant case were caused by plaintiff’s sole negligence in walking on a roof which was constructed from one-quarter inch asbestos siding, and which had been constructed for the purpose of keeping rain out of a storeroom; that plaintiff should have known the roof was not constructed so as to support a man carrying a heavy bucket of tar; and, that he assumed the risk by walking on said roof.
Plaintiff then filed a supplemental petition pleading the doctrine of res ipsa loquitur.
Defendant then filed an exception of no cause of action which was overruled by the trial court.
Defendant then filed a supplemental and amended answer showing that the owner of the building wherein the accident occurred was Four States Realty Company; that said realty company leased the buildings to defendant; that a part of its business was repairing and maintaining the premises; that plaintiff, at the time of the accident, was an employee of O. G. Wilson, an independent contractor; that at the time of the injuries, plaintiff was doing manual work for Wilson, which labor was a part of the business of Four States Realty Company; that on November 20, 1961, plaintiff compromised all claims which he might have for compensation as a result of the accident in the instant case.
Defendant then filed a second supplemental and amended answer stating, alternatively, that if the court should hold that plaintiff was not an employee of Four States Realty Company under the compensation laws of this State, then at the time plaintiff was injured, he was performing manual labor for Wilson, an independent contractor, which work was a part of the business of defendant. Further answering in the alternative, defendant alleged that since plaintiff had compromised his claim for compensation benefits, he had no claim in tort against defendant; and that under the compensation laws of Louisiana, he is considered to be an employee of defendant.
The facts reveal that plaintiff was employed by O. G. Wilson as a i-oofer. He had been doing this type of work for two years on the day of the accident. He fell through the roof of a shed while carrying two buckets of hot tar. The roof was made of one-quarter indi corrugated asbestos. The plaintiff was using this roof as a pathway to get on the roof of the main building he was to repair. The work on the main building had been ordered by defendant by agreement with Mr. Wilson. Defendant had agreed to repair the building in its lease *141 with the owner. Plaintiff had made repairs on the main building many times before the day he fell; however, he had never walked over this portion of the shed before; and prior to the accident herein, he had always placed his ladder next to the main building in order to get to the roof. The evidence shows further that plaintiff placed his ladder on the side of a small outdoor shed used for storage in order to get on the roof of the main building on the day of the accident. Mr. Wilson took plaintiff up on the shed onto the main roof and showed him where to make the repairs. Plaintiff then went down and boiled the tar which was to be used to repair the main building roof. He then placed the two buckets of tar on the roof of the shed, picked them up, and while walking to the main building, fell through the asbestos roof. The evidence also reflects that each bucket of tar weighed approximately fifty to sixty pounds.
In his written opinion, the trial judge held that plaintiff, as an experienced roof repairman, was guilty of negligence in not ascertaining that the roof would support him and the two buckets of tar before walk' ing over it. Pie also held that the doctrine of res ipsa loquitur did not apply.
We are in agreement with the ruling of the trial court that the doctrine of res ipsa loquitur does not apply. Res ipsa lo-quitur does not apply where, as here, the evidence reasonably indicates that the accident may have been caused by other than the defendant’s negligence. Larkin v. State Farm Mutual Automobile Insurance Co., 233 La. 544, 97 So.2d 389. See also discussion of the subject in Pilie v. National Food Stores, 245 La. 276, 158 So.2d 162.
We will next consider whether plaintiff was negligent in the instant case, and, if so, whether his negligence was the proximate cause of the accident.
The plaintiff was an “invitee” in the instant case.
In the case of Alexander v. General Accident Fire & Life Assurance Corp., (La. App., 1 Cir., 1957), 98 So.2d 730, the court defined the term “invitee” and also the duty of an occupant of the premises to an invitee in the following words, to-wit:
“An invitee is a person who goes on the premises with the express or implied invitation of the occupant on the business of the latter or for their mutual advantage; and to him, the duty owed is that of reasonable and ordinary care, which includes the prior discovery of reasonably discoverable conditions of the premises that may be unreasonably dangerous, and correction thereof or a warning to the invitee of the danger.”
* * *
“As a general rule, the host ‘is not liable for an injury to an invitee resulting from a danger which was obvious or should have been observed by the invitee in the exercise of reasonable care, or from a condition which was as well known or as obvious to the invitee as to the invitor,’ * *
The holding in the Alexander case, supra, was followed by this Court in Sherrill v. United States Fidelity & Guaranty Co., (La.App., 3 Cir., 1961), 132 So.2d 72.
Applying the rules of law set forth in the Alexander and Sherrill cases, supra, we find that plaintiff was an experienced roofer, having done this type of work for approximately two years; that the roof to be repaired was on the main building; and, that plaintiff had repaired the main building roof on many occasions prior to the accident herein. By a simple inspection of the roof on the shed, plaintiff should have discovered that it was not safe to .attempt to walk over same. The shed was used only for storage purposes.
Also, there was no occasion for plaintiff to use the shed in order to get to the main building to make the necessary repairs. The evidence reflects that plaintiff had done work on the main building before and had *142 always placed his ladder next to the main building to get to the roof to make repairs.
Having decided that the sole proximate cause of the accident in the instant case was plaintiff’s negligence, which negligence bars him from recovery, it is not necessary to discuss the other contentions advanced by counsel for defendant.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.