REID, Judge
(dissenting).
The majority of the Court having chosen to reverse the Trial Judge and apply the doctrine of res ipsa loquitur, I must respectfully dissent on this question.
The doctrine of res ipsa loquitur is, as the defendant suggests, a rule of evidence, the applicability of which is to be determined in each case. Langlinais v. Geophysical Service, Inc., 237 La. 585, 111 So.2d 781 (1959). In the Langlinais case, as pointed out by both the plaintiff and the defendant, the necessary requisites for the application of the doctrine of res ipsa loquitur are as follows:
“ * * * an accident of such a nature that would not ordinarily occur in the absence of negligence on the part of someone, that the instrumentality causing the damage is under the control of the defendant, and that the defendant has superior knowledge as to the cause of the accident. When these circumstances are present, the doctrine operates to permit the trier of fact to infer negligence; it does not require a finding of negligence, and the defendant may introduce evidence to overcome any such inference.”
In commenting on the applicability of the doctrine of res ipsa loquitur, the case of Fruge v. Trahan, La.App. 3 Cir., 194 So.2d 478, 482 (1967) states as follows:
“For the doctrine of res ipsa loquitur to be applicable, the evidence as to the cir *763 cumstances connected with the accident must be of such a nature that it creates an inference that the accident was caused by the negligence of the defendant, and with a fair amount of certainty excludes every other reasonable hypothesis as to the cause of such accident. This inference is not drawn merely because the accident occurred or the thing speaks for itself, but because all of the circumstances surrounding the accident are of such a character that the only fair and reasonable conclusion is that the accident was due to some omission of the defendant’s duty, and that there is no other reasonable or logical explanation for the occurrence of such an accident. Larkin v. State Farm Mutual Automobile Ins. Co., 233 La. 544, 97 So.2d 389; Pilie v. National Food Stores of Louisiana, Inc., 245 La. 276, 158 So.2d 162; James v. Childs, Division of Kroger Company, 166 So.2d 77 (La.App. 3rd Cir. 1964); Talbert v. Tyler, 121 So.2d 854 (La.App. 2d Cir. 1960); and Bougon v. Traders and General Insurance Company, 146 So.2d 535 (La.App. 4th Cir. 1962).”
“In the landmark case of Larkin v. State Farm Mutual Automobile Ins. Co., supra, our Supreme Court said: ‘All that is meant by res ipsa loquitur is “that the circumstances involved in or connected with an accident are of such unusual character as to justify, in the absence of other evidence bearing on the subject, the inference that the accident was due to the negligence of the one having control of the thing which caused the injury. This inference is not drawn merely because the thing speaks for itself, but because all of the circumstances surrounding the accident are of such a character that, unless an explanation can be given, the only fair and reasonable conclusion is that the accident was due to some omission of the defendant’s duty.” ’
“Also, in the Larkin case the Supreme Court quoted with approval the following language which it had used in Morales v. Employers’ Liability Assur. Corp., 202 La. 755, 12 So.2d 804, to-wit: “It is the duty of the plaintiff to prove negligence affirmatively; and, while the inference allowed by the rule of res ipsa loquitur constitutes such proof, it is only where the circumstances leave no room for a different presumption that the rule applies. When it is shown that the accident might have happened as the result of one of two causes, the reason for the rule fails and it can not be invoked.” See also Singleton v. Olin Mathieson Chemical Corp., 131 So.2d 329 (La.App. 3rd Cir.1961); Turner v. Continental Southern Lines, Inc., 161 So.2d 139 (La.App. 3rd Cir.1964); Schulingkamp v. Bolton Ford, Inc., 163 So.2d 161 (La.App. 4th Cir.1964); Tarbox v. Eason, 179 So.2d 916 (La.App. 2d Cir.1965); and D’Allesandro v. Edgar Murray Supply Co., 185 So.2d 34 (La.App. 4th Cir.1966).”
In the present case the Trial Court found that the plaintiff had failed to prove the applicability of the doctrine of res ipsa loqui-tur in that it was never proven that the accident was of such a nature that it would not ordinarily occur in the absence of negligence on the part of the defendant and that the cause of the accident was the instrumentality under the control and within the superior knowledge of the defendant. In fact, the record will disclose that there is no evidence proving to any certainty exactly what instrumentality or agent actually caused the injury in question. There was some surmise on the part of the plaintiff and his nephew, Mr. Blount, as to the presence of caustic soda being present in the mud located in the working area. However, there is no evidence other than hearsay indicating any leaks in the pipes passing through this area carrying caustic soda. Nor was there any evidence indicating that caustic soda had, in fact, caused the injury. The only witness called by the plaintiff indicating a possibility of caustic soda being present in the mud was Mr. Lamar Blount. Mr. Blount could only testify that after the accident he and the rest of the employees stayed *764 clear of the area or used rubber boots and that they received some burns on their feet also. However, it must be noted that none of these other employees were in Court to testify as to their injuries. This leaves us with only the testimony of Mr. Blount, an interested witness.
The determination of whether or not the necessary requisites for the application of the doctrine of res ipsa loquitur is entirely a question of fact. The Trial Judge was present in Court to observe the demeanor of the witnesses and it was his determination that the facts as presented did not warrant the application of this doctrine. In the absence of any manifest error on the part of the Trial Judge, his decision should be affirmed.
For these reasons, I respectfully dissent herein.