345 So.2d 129 (1977)
Dr. G. P. MUSSO, Jr.
v.
ST. MARY PARISH HOSPITAL SERVICE DISTRICT NO. 1 et al.
No. 11217.
Court of Appeal of Louisiana, First Circuit.
March 21, 1977.
Rehearing Denied May 9, 1977.
Writ Refused July 1, 1977.
John E. Conery, Franklin, for appellee.
Paul J. Breaux, Raymond M. Allen, Lafayette, for appellants.
Before ELLIS, CHIASSON and PONDER, JJ.
*130 PONDER, Judge.
This is a tort suit by a doctor for personal injuries suffered while helping transfer a patient from an operating table to an adjacent bed. Defendants filed an answer in the form of general denial and a third party demand against the surgeon in charge of the operation. Defendants appealed from the judgment awarding damages to the plaintiff and dismissing the third party demand.
The sole issue before this court is whether the finding of negligence was manifestly erroneous.
We reverse and render.
Dr. Musso was on the staff of Franklin Foundation Hospital, operated by the defendant. On the day of the accident, he was assisting Dr. J. M. Fernandez in performing a hernia operation on a large man. Present during the operation were an anesthetist, a scrub nurse and at times, a circulating nurse, and possibly an operating room supervisor and a maid. After surgery, the two doctors positioned themselves one on each side of the patient, Dr. Fernandez beside the operating room table and Dr. Musso beside a hospital bed placed alongside the operating table. The anesthetist and another nurse were at the patient's head and the scrub nurse at his feet. The doctors pulled upward on a heavy "lifting sheet", placed under the hips and lower back of the patient, and Dr. Musso pulled on it, while the anesthetist and nurse at the head lifted the head and shoulders and the nurse at the bottom of the table lifted the feet.
Dr. Musso's version of the accident is that during the move, the patient's right shoulder or arm threatened to drop into the small area between the table and the bed. Dr. Fernandez instructed Dr. Musso to grab the patient. Dr. Musso bent forward and reached under the arm and shoulder of the patient. As he seized the patient and supported the weight of the upper body, he felt a severe pain in his back.
Subsequent examination revealed a herniated disc, which was removed by surgery. Dr. Musso progressed very well after his operation, but still was unable to assist in surgery at the time of trial. The permanent disability in his back has been assessed at fifteen to twenty percent.
The trial court found that the hospital was negligent in the method used in transferring the patient. Since this was a hospital function, the hospital was held liable for the damages plaintiff suffered. The third party demand of defendants against Dr. Fernandez was dismissed with prejudice.
We hold that the trial court committed manifest error. We are well aware of the narrow limits in appellate review of facts, as most recently stated in Billiot v. Bourg, La., 338 So.2d 1148 (1976). However, we believe that our constitutional duty to review both law and fact demands more than a cursory perusal of the evidence and an unquestioning approval of the judgment of the lower court.
The mere fact that an accident happens or an injury occurs does not raise a presumption or authorize an inference of negligence on the part of the defendant. Shields v. United States Gas Pipeline Company, La.App., 110 So.2d 881 (2nd Cir. 1959). Actionable negligence results from the creation or maintenance of an unreasonable risk of harm to others. Smolinski v. Taulli, La., 276 So.2d 286 (1973); Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972).
The moving of the patient was done in a routine manner. All witnesses, including Dr. Musso, said that patients had been moved by this method for years and no one could recall a single instance of a patient falling while being transferred. A proven safe method of transferring patients over a long period of time is evidence of the absence of negligence.
The trial judge concluded that strong male orderlies should have been at the head and feet of the patient. The evidence, however, indicates that strength was not an important factor in moving these patients. The people positioned at the head and shoulders were not required to lift the *131 entire upper torso in the movement; they were only required to lift the head and shoulder area off the bed while the two persons on the side slid the patient on the lift sheet. A nurse replaced Dr. Musso and completed the transfer without incident. No oneDr. Musso, Dr. Fernandez or any of the hospital personnelindicated that he thought lack of strength contributed to the accident. Much larger patients had been moved often with the same or similar personnel, all without accident.
Plaintiff's one item of testimony to support an act of negligence was that the patient's right arm might have been allowed to fall off the draw sheet under his body. He is the only one who so conjectured;[1] every one else said that the arm was within the "lifter", and did not fall into the space. We note, though, that Dr. Musso was closest to the right arm of the patent. Presumably, he would be the one to prevent such an occurrence. Dr. Musso was also responsible for holding the hospital bed firmly against the operating table. There is no way a large arm and shoulder could wedge in between the two if they were held together properly. If there was any negligence at all in the transfer, it can only be attributed to the plaintiff.
Dr. Musso testified to the devotion and experience of the personnel, making the statement at one time that he denied that any nurse had done anything wrong.
The lower court's conclusion that the two hospital employees at the head of the patient should have realized they were not capable of completing the transfer, and should have halted the operation, is unsupported by the testimony adduced. All testimony, including that of Dr. Musso, was to the effect that there was nothing unusual about this transfer. The patient's arm may have been moving somewhat, not an unusual occurrence for one coming out from under the affects of anesthesia. However, no one was concerned that this would make the transfer any more difficult. No one had reason to believe that slight arm movement would cause the patient to fall when the bed and the operating table were supposed to be held firmly against each other.
Plaintiff presented no expert testimony which would show that stronger personnel were needed to complete the transfer. The conclusion of the court on this point was speculative. The complaints by employees of lack of orderlies in the operating room area appears to have been nothing more than ordinary informal grumblings about minor grievances that accompany every job.
As a matter of fact, the allegations of insufficient personnel were disproved. Everyone testified that additional help was available if needed and called. This included male orderlies, two of whom were on the day shift, laboratory technicians and physical therapists,[2] as well as additional nurses. Both Dr. Musso and Dr. Fernandez testified they felt they had sufficient personnel and could have got more if needed without any problem, except, maybe, having to wait. There was no urgency, however, in moving the patient.
While there were allegations of lack of experienced personnel, they were not proved. Dr. Musso himself stated that he did not think the nurses were insufficiently trained. The only evidence as to lack of equipment was that the hospital evidently did not have a hydraulic lifter at the time of the accident. The lifter even when made available later, was not often used because of complaints of being cumbersome.
In summary, we do not believe the record justifies recovery for the plaintiff. There is no doubt that Dr. Musso received serious injuries; however he has not produced any evidence to indicate that defendant should be held liable for those injuries.
For the above reasons, the judgment in favor of plaintiff and against defendant is reversed. Judgment is rendered in favor of St. Mary Parish Hospital Service District No. 1 and Argonaut Insurance Company, dismissing plaintiff's suit at his costs.
REVERSED AND RENDERED.
NOTES
[1] At another time Dr. Musso admitted he did not know what happened.
[2] The hospital administrator named four that would have been available if called.