HAWTHORNE, Justice.
 

 This is a tort action in which Alton J. Tassin seeks to recover damages for eye injuries from flashburns allegedly caused by flashes which occurred when a cable or electrical service line under the control of the defendant Louisiana Power and Light Company broke and fell. The district court awarded plaintiff damages of $4600.00, and the Court of Appeal affirmed. See 191 So.2d 338.
 

 We granted this writ principally to consider the contention of relator, the defend
 
 *1019
 
 ant power company, that there was no evidence that plaintiff, manager of the cotton gin serviced by defendant’s line, received a flashburn to his eyes as a result of the falling of the service line, and that under this circumstance the Court of Appeal failed to require the plaintiff to carry the burden of proving that it was defendant’s instrumentality (the service line) which caused his damage.
 

 We have carefully read the record, which is now before us, and we find that it does contain evidence to support the finding of the trial judge that the instrumentality which caused the damage to plaintiff’s eyes was the power line which emitted very bright flashes of light as it broke and fell to the ground.
 

 This line broke at 9:30 p. m. on September 10, 1963, and, according to the plaintiff, fell at a distance of about 10 feet from where he was standing. As it fell and burned, it gave off in the darkness a very bright flash described as being about 10 by 14 inches, or as large as a basketball, followed by several other flashes and explosive noises as loud as the sound of the discharge of a 12-gauge shotgun. The line continued to burn until it reached defendant’s transformer on the pole next to the highway. Plaintiff remained at the gin for an hour suffering somewhat from shock. He then went home but was unable to sleep, and at about 2:00 o’clock in the morning he began to suffer severe pain in his eyes. He was examined by his doctor at about 7:00 o’clock that morning, and his eye trouble was diagnosed as flashburns. The medical evidence shows that following a flashburn there is ordinarily a period of a few hours before the symptoms appear and the person who has suffered the injury is aware of it.
 

 The defendant complains that both the trial judge and the Court of Appeal ignored certain testimony of its witnesses to the effect that between 8:00 and 10:00 o’clock on the morning of September 10, the date of the service line accident, the plaintiff was present during a welding operation and held a piece of metal six to eight feet long being welded on a trailer, and that he was near the welder’s arc and was not wearing protective goggles.
 

 The testimony of the welder is vague and indefinite, and his memory of the occasion not very clear. He did not recall having been assisted by the plaintiff, and had no reason to think that anything occurred which would cause injury to the plaintiff’s eyes. An employee of the establishment who passed while the plaintiff was holding the metal bar being welded testified that he warned the plaintiff to be careful not to look at the welding arc. This witness also testified, however, that welding of this type was a routine matter in the plaintiff’s business and had been generally supervised by the plaintiff over a long period.
 

 
 *1021
 
 It should he noted that the pain to the plaintiff’s eyes first manifested itself some 14 to 16 hours after he was near the welding. On the other hand, the pain began only about four and a half hours after the breaking of the electric power line — or at the end of the “few hours” which, according to the medical testimony, ordinarily pass before a flashburn becomes obvious to the person who has sustained the injury.
 

 The trial judge and the Court of Appeal must have regarded this evidence of the welding as having little or no effect to detract from plaintiff’s proof that his flash-burn injury resulted from the large and explosive electric flashes produced by the severance of the power line, because they did not even mention it as sufficient to create an issue of causation. Which instrumentality caused the injury presents only a question of fact, and we cannot say that the trial judge erred in resolving this question in favor of the plaintiff or that the Court of Appeal erred in affirming his decision.
 

 The defendant contends also that the Court of Appeal erred in applying the doctrine of res ipsa loquitur in this case. The plaintiff was unable to prove by direct evidence what caused the service line to fall and that its fall was caused by the fault of the defendant. The cause of its fall is unknown. In our view, the Court of Appeal, like the district court, correctly applied the doctrine of res ipsa loquitur, recognizing that the doctrine is particularly applicable where the accident is caused by a dangerous instrumentality, such as high explosives, gas, electricity, etc., because the one responsible for it must exercise great care to maintain it so that it will not injure other persons. The defendant contends that the Court of Appeal ignored the decision of this court in Pilie v. National Food Stores of Louisiana, Inc., 245 La. 276, 158 So.2d 162, to the effect that the doctrine is not applicable unless the facts and circumstances shown suggest the negligence of the defendant, rather than other factors, as the most plausible explanation of the accident. The defendant contends that the Court of Appeal failed to consider that a greatly increased demand for electric power by the cotton gin serviced by the line, or a defect in the gin wiring, suggests other reasons than the negligence of the defendant as the cause of the fall of the service line. These matters were not facts or circumstances shown by the record. The record contains proof by the defendant that the cable was of a size more than ample to take care of the increased demand for electric power, and there is no proof whatever of a defect in the gin’s wiring. The decision of the Court of Appeal, therefore, cannot be regarded as in any way contrary to our decision in the Pilie case.
 

 The defendant further contends that the award of $2500.00 for pain, suffer
 
 *1023
 
 ing, and medical bills was excessive, and that the award of $2100.00 for plaintiff’s loss of income as a cotton buyer and trucker while he was disabled was not sufficiently supported by the evidence. Our reading of the record shows that the district judge, who is vested with much discretion (La.Civ.Code Art. 1934(3)), did not err or abuse his discretion in awarding these sums as damages caused by the injury.
 

 For the reasons assigned the judgment of the Court of Appeal is affirmed. All costs are to be paid by the defendant-relator, Louisiana Power & Light Company.