GARDINER, Judge.
Plaintiff, Stanley J. Favalora, filed suit individually and on behalf of his minor son, Paul E. Favalora, alleging that the minor sustained injuries when he fell from a vehicle owned and being driven by defendant’s assured. After trial judgment was rendered in favor of the defendant dis *703 missing plaintiff’s suit. Plaintiff has appealed.
Plaintiff alleges that the owner and operator of the automobile was negligent in the following respects:
“A. Driving at an excessive rate of speed;
“B. Failing to check whether or not the doors of said vehicle were properly closed before operating said vehicle;
“C. Operating his vehicle with defective doors;
“D. Failing to lock the doors of said vehicle before operating same;
“E. Failing to maintain and repair said doors related to pertinences in connection with said vehicle;
“F. Failing to place the child in a position whereby said minor child would not fall out of the vehicle if the car door should open, while said vehicle was in motion;
“G. Any other acts of negligence which may be revealed between now and the time of the trial;”
The facts are not in serious dispute. Plaintiff and his two minor sons drove to the residence of his brother, Robert Sam Favalora, the assured. Stanley Favalora and his two sons, Paul, the injured child, and another son, Nicky, entered Robert Sam Favalora’s 4-door Chevrolet automobile by the left rear door. Stanley Fava-lora seated his son Paul on his right side and another son, Nicky, on his left side on the back seat. He testified that he purposely seated the children in their respective positions because it was easy for him to watch them; that he always separated them and frequently kept his arms around them. With Robert Favalora driving they proceeded to another Favalora brother’s home where all of the parties alighted from the automobile. After the visit they all returned to the automobile and assumed the same positions. The record is not clear as to which of the rear doors was used by the plaintiff and his two sons when returning to the car. All of the parties then proceeded-to the Carrollton Shopping Center where the plaintiff and his two sons remained seated in the car. After Robert Favalora had made some purchases he reentered the car to return to his home and while traveling between 20 and 25 miles an hour around the turn on Jefferson Highway, Paul Favalora fell to the street from the right rear side of the car. The record discloses that neither Robert Favalora nor the plaintiff father checked the doors of the car at any time pertinent to the occurrence.
The trial court found as a fact that defendant’s assured was not operating his automobile at an excessive rate of speed. It was stipulated on the trial in the lower court that the doors of the vehicles were not defective and that the assured was not negligent in the maintenance and repair of the doors. Consequently, the remaining questions are whether or not the assured was negligent in (1) failing to either check or lock the doors of the vehicle and (2) failing to place the injured child where he could not fall out of the vehicle if the door opened.
It is well settled that an automobile host is not the insurer of the safety of his guest. The basis of his liability is LSA-C.C. art. 2315.
While it is correctly contended by the plaintiff that a motorist is held to a high degree of care when operating a motor vehicle where children are known to be present as in the case of Salley v. State Farm Mutual Automobile Insurance Co., La.App., 157 So.2d 638, it is equally true that the operator of a private vehicle is under no duty to see that its passenger’s door is securely fastened (although he may be liable if he undertakes to close the door and does so negligently with the result that it later flies open). This is what happened in the Salley case when the driver had un *704 dertaken the care of a child and likewise had instructed another smaller child to close or lock the door.
Liability for damages under Article 2315 of the Civil Code is founded upon fault and whether or not fault exists depends upon the facts and circumstances presented in each particular case. In determining fault a common sense test is to be applied, that is, how would a reasonably prudent man have acted or what precaution would have been taken if faced with similar conditions and circumstances. The degree of care to be exercised must always be commensurate with the foreseeable dangers confronting the alleged wrongdoer. Greater care should be exercised by motorists when children are involved unaccompanied by adults. But when children are accompanied by their parents, the degree of care diminishes because it is only reasonable for a prudent person to assume, in the absence of any indication to the contrary, that the parent will guard against a childish impulse and give immediate warning to any sudden change in position which might place the child in peril. Brown v. Liberty Mutual Insurance Company, 234 La. 860, 101 So.2d 696; Guidry v. Hamlin, La.App., 188 So. 662.
In this case defendant’s insured had not undertaken the care of the injured child. He certainly assumed that the father, who was seated next to his child, would be attentive and give warning should the child place himself in a position of danger. Brown v. Liberty Mutual Insurance Company, supra.
Plaintiff has sought in the alternative to invoke the doctrine of res ipsa lo-quitur. The record does not show why the rear door opened although there is a distinct possibility that the child himself caused it to open. In any event, the factual situation in this case is such as to render the doctrine of res ipsa loquitur inapplicable. Morales v. Employers’ Liability Assur. Corporation, 202 La. 755, 12 So.2d 804.
For the above reasons, the judgment appealed from is affirmed at plaintiff’s cost.
Affirmed.