BOUTALL, Judge.
This is a devolutive appeal from a judgment in favor of defendants, dismissing plaintiff’s suit. The suit sought to recover damages for personal injuries to the plaintiff-appellant as the result of an explosion which occurred at his place of employment.
The undisputed facts are that the plaintiff, George Sharrett, was an employee of Select Bananas, Inc., 2637 North Peters Street, New Orleans, Louisiana, on May 8, 1968. On that day, in accordance with his regular duties, he was ordered by Alvin Fontcuberta, the owner and manager of Select Bananas, Inc., to release a “light shot” of ethylene gas into room #2 of the premises, in which bananas were stored and ripened. The purpose of this action was to hasten the ripening of the bananas stored therein. The plaintiff had approximately twenty-five years experience in performing this and similar operations in the handling of the bananas.
The plaintiff entered room #2 and released ethylene gas. Before he left the room, there was an explosion causing considerable damage to the building and injuries to the plaintiff. The building was owned by the defendants Alvin Fontcuberta and A. Gabriel, who are also officers of Select Bananas, Inc. For some years previously, they had rented the building to Select Bananas, Inc., and the rental agreement was still in effect at the time of the explosion.
Plaintiff argues to us that these two defendants should be held liable for plaintiff’s injuries because of their alleged negligence as owners of the building and as officers of the corporation. The record discloses that, as of the time of trial, plaintiff sought recovery against them only as the owners of the building under a landlord-tenant relationship.
The uncontradicted testimony of the plaintiff is to the effect that after he received the order from Mr. Alvin Fontcu-berta he proceeded into room #2, which was dark at the time, and released a “light shot” of ethylene gas, which consists of opening the cylinder for a count of 6 to 7, during a period of a couple of seconds. The only electrical appliance working in the room was a blower unit circulating the air throughout the room. After releasing the gas, he turned to reach for the door, and at this time he looked up towards the blower unit which was located above and to the side of his head, and he saw a flash of light. An explosion followed immediately causing the damages complained of.
The only other witnesses who testified were representatives of the State Fire Marshal’s Office and their testimony does not reflect what caused the explosion. The testimony of the plaintiff is such that he is not certain of what caused the explosion. The defendants did not offer any testimony in their behalf, but simply rested upon the testimony offered by the plaintiff and his witnesses.
Plaintiff further testified that there had been another explosion in another banana storage room, room #5, several months prior to this explosion. At that time Alvin Fontcuberta was performing the gassing operation, and obviously, that explosion was of much lesser magnitude, because no one was hurt and there was less apparent damage. He testified that there had been trouble with the blower in room #2 a month or two before, but his testimony further indicates that this had been repaired and the blower had been working properly for the last month and a half prior to the explosion. Based on these facts, plaintiff concludes that the blower in room #2 was the cause of the explosion.
*870 The plaintiff alleges three specifications of error. The first is that the trial court failed to find negligence on the part of the defendants, under the doctrine of res ipsa loquitur. Secondly, the trial court was in error in failing to find actionable negligence on the part of the defendants for their failure to take the necessary action to remedy a highly dangerous situation when said danger was clearly known to the defendants. Finally, the trial court erred in finding no liability on the part of the defendants.
In considering plaintiff’s first specification of error, it is essential to look to the rationale of the doctrine of res ipsa loquitur. The court in the case of Larkin v. State Farm Mutual Auto. Ins. Co., 233 La. 544, 97 So.2d 389, 391 (1957) discussed the doctrine in these terms:
“A determination of a proper instance for application of the principle of res ipsa loquitur has been the subject of volumes of discussion by learned jurists and legal scholars, who have been at pains to point out that the maxim means only that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that the rule rests for its justification upon the common experience that accidents from such causes do not commonly occur in the absence of negligence; and that it is the lack of direct evidence indicating negligence on the part of the defendant as the responsible human cause of a particular accident which actually furnishes the occasion and necessity for invoking the rule in its strict and distinctive sense. It is generally conceded that res ipsa loquitur in no way modifies the rule that negligence will not be presumed. The application of the rule does not, therefore, dispense with the necessity that the plaintiff prove negligence, but is simply a step in the process of such proof, permitting the plaintiff, in a proper case, to place in the scales, along with proof of the accident and enough of the attending circumstances to invoke the rule, an inference of negligence, thereby obtaining an advantage and placing on the defendant the burden of going forward with proof to offset that advantage. When all the evidence is in, the question is still whether the preponderance is with the plaintiff. All that is meant by res ipsa loquitur is ‘that the circumstances involved in or connected with an accident are of such an unusual character as to justify, in the absence of other evidence bearing on the subject, the inference that the accident was due to the negligence of the one having control of the thing which caused the injury. This inference is not drawn merely because the thing speaks for itself, but because all of the circumstances surrounding the accident are of such a character that, unless an explanation can be given, the only fair and reasonable conclusion is that the accident was due to some omission of the defendant’s duty.’ ” [Anno., 53 A.L.R. 1494, 1499]
The facts of the instant case, as disclosed in the trial record, are of primary concern to us with reference to those features of the doctrine as they relate (1) to the circumstances of the accident and whether they warrant an inference of negligence, (2) to the management and control of the instrumentality which caused the accident producing plaintiff’s injury and (3) to the situation as it relates to the knowledge of the parties as to the cause of the accident. Specifically, in order for the rule to be applicable, it is necessary to show that the circumstances attending the accident were such as to create an inference of negligence on the defendants’ part, that the control and management vested in the defendants and that plaintiff was not in a position to show the particular circumstances which caused the instrumentality to operate to his injury whereas the defendants, being in such a position, possessed superior knowledge or means of information as to the cause of the accident.
The rule is further discussed by the Supreme Court in Dorman v. T. Smith & Son, *871 223 La. 29, 64 So.2d 833, 838 (1953) referring to its earlier decision in Morales v. Employers’ Liability Assur. Corp., 202 La. 755, 12 So.2d 804 (1943) wherein it is stated:
“ It is the duty of the plaintiff to prove negligence affirmatively; and while the inference allowed by the rule of res ipsa loquitur constitutes such proof, it is only where the circumstances leave no room for a different presumption that the rule applies. When it is shown that the accident might have happened as the result of one of two causes, the reason for the rule fails and it can not be invoked.’ ”
An essential element of the rule, as heretofore quoted above, which imposes upon the defendants the duty or the burden of coming forward with evidence to explain how the accident occurred, arises from the fact that the instrumentality which produced the injury was exclusively within defendants’ control. It can hardly be maintained that in this case the instrumentality was within the exclusive control of the defendants. It is plaintiff’s contention that the substance which exploded was the gas. The fact that most gases, even the most highly combustible ones, do not com-bust spontaneously is a well known and widely accepted principle of chemistry. In order for gas to ignite there must generally be some external source of energy. With this position we are in accord; however, as to what caused the gas to ignite, we are offered only conjecture. There was no expert testimony or scientific evidence offered by the plaintiff as to the cause of this explosion. By inference we could conclude that some negligent act by the plaintiff was equally as probable as that some act or omission by the defendants constituted their negligence.
The testimony of the plaintiff is such that, if he is to be believed, there is an inference that the explosive gas released from his cylinder may have been set off by a spark of some sort from the electric blower. There is no evidence whatsoever that the owners of the building were the owners of the blower nor that they were responsible for its upkeep and maintenance.
At this juncture cognizance must be taken of the fact that this present litigation is the result of a law suit brought against the defendants as individual corporate officers and owners-lessors, and their position is not the same as Select Bananas, Inc., plaintiff’s employer, controlling the operation of the business and the building. Had the plaintiff sued Select Bananas, Inc., then the control requirement would have been satisfied as Select was in control of the building and an explosion occurred therein from the ignition of gas by possibly a defective blower. Thus, Select would have been within the purview of the doctrine of res ipsa loquitur. Moak v. Link-Belt Company, 229 So.2d 395 (La. App. 4th Cir., 1969). As to these defendants, however, there is no inference of negligence under the doctrine of res ipsa loquitur available under the evidence presented by plaintiff, even assuming that the gas was ignited by a spark from the blower motor.
Alternately, if we consider the defendants’ position as officers of the employer, there is no evidence whatsoever as to any knowledge of defendant Gabriel as to defects which may exist. As to defendant Fontcuberta, there is no evidence that he knew, or should have known that the blower was defective. It had apparently been repaired a month or so previously. There is no evidence to show that the blower in the other banana storage room caused the prior explosion in which Fontcuberta was involved. There is only evidence that all parties knew that ethylene gas was dangerous.
Plaintiff’s counsel draws analogy to the following cases: Tassin v. Louisiana Power & Light Company, 250 La. 1016, 201 So.2d 275 (1967); and Langlinais v. Geophysical Service, Inc., 237 La. 585, 111 So.2d 781 (1959). These cases, we feel, are distinguishable from the case at bar, for in the above cited cases, all the pre *872 requisites for rendering the doctrine applicable were present. In the instant case, the trial court properly did not apply res ipsa because of the control element. The great weight of authority is that the rule cannot be invoked successfully where there is divided responsibility and the damage may have resulted from a cause over which the defendants had no control. A. & J., Inc. v. Southern Cities Distributing Co., 173 La. 1051, 139 So. 477 (1932).
The plaintiff further contends that the trial court erred in failing to find actionable negligence on the part of the defendants for their failure to take necessary action to remedy a highly dangerous situation when said danger was clearly known to the defendants. Since the doctrine of res ipsa loquitur was not invocable, the defendants did not have the burden of exculpating themselves from the inference of negligence. Rather it was incumbent upon plaintiff to prove to a legal certainty by a reasonable preponderance of evidence the facts upon which he relied for judgment. This burden he has failed to carry.
In Jaeger v. Herald, 186 So.2d 365 (La. App. 4th Cir., 1966) it was held that a workman who shows that he performed his work in the manner which is usual and customary in his particular trade or business does not conclusively establish that he was free from negligence, but such a showing is properly a matter for consideration in determining negligence.
The plaintiff pleads that a prior accident was, at the least, constructive notice to defendants of a dangerous situation, and by failing to remedy the dangerous situation after they had this alleged prior and superior knowledge, they were negligent. We have pointed out above that there was no evidence as to the cause of the prior explosion. The jurisprudence, in cases too numerous to cite, holds that the trial court’s finding of facts should not be overturned unless manifestly erroneous; in this we concur and find no manifest error in this case.
The third and final alleged error is that the trial court, in overruling the defendants’ exception of no right or cause of action based upon the argument of workmen’s compensation as an exclusive remedy, recognized that the defendants could have been held liable had sufficient negligence existed. However, there was no showing of negligence by the defendants as corporate officers or as owners of the building. While corporate officers can be held liable this liability is predicated upon a finding that defendants were, in fact, negligent. Therefore, while plaintiff’s petition might have stated a right and a cause of action against defendants, he has failed to prove the allegations of negligence with a preponderance of evidence.
For the reasons hereinabove assigned, the judgment of the lower court is affirmed and all costs of this appeal assessed against the plaintiff-appellant.
Affirmed.