PRICE, Judge.
This death action arises out of an accident which occurred June 8, 1970, on U. S. Highway 61 in Mississippi, resulting in the death of plaintiff’s husband, Lawrence J. Thomas, who was a passenger in a vehicle owned by him and driven by his son, William L. Thomas, at the time it collided with a logging truck.
Defendant in this suit is the insurer of the Thomas automobile under a policy issued to Lawrence Thomas.
Plaintiff alleges that the accident occurred when the northbound Thomas vehicle veered into the southbound lane in front of the truck due to the negligence of William Thomas. Defendants contend the logging truck moved into the lane of the Thomas vehicle and in an attempt to avoid a collision turned over, causing the collision of the two vehicles.
 The district court held that plaintiff failed to bear her burden of proving negligence on the part of William Thomas and rendered judgment rejecting plaintiff’s demands.
In written reasons for judgment the trial judge concisely evaluated the conflicting evidence in this case as follows:
“The plaintiff’s evidence consists almost entirely of the unsatisfactory eye witness account of the log truck operator and the back seat occupant of the Thomas vehicle, both of which this court finds unreliable, unsatisfactory and evasive. The physical facts do not confirm any of plaintiff’s claims as to how the accident happened. On the other hand, the testimony of Charlotte Ann Jenkins, a completely disinterested witness, and her first impressions and the physical facts, as well as the investigation of the Mississippi patrolman, compliment each other. Since plaintiff bears the burden of proof, this court cannot in the face of more reliable testimony of third parties find negligence on the part of the driver of the Thomas vehicle.”
Where the testimony of opposing sides is in conflict and credibility of witnesses is at issue, great weight must be granted the decision of the lower court. Zerangue v. Hardware Dealers Mutual Fire Insurance Co., 255 So.2d 277 (1st Cir. La.App., 1971), and the reviewing court should not reverse where there is evidence in the record which supports the lower court judgment. Ware v. J. Ray McDermott & Co., 180 So.2d 573 (3rd Cir. La.App., 1965).
We not only find no obvious error in the conclusion reached by the trial judge, but are in accord with his finding based on the evidence in the record.
For the foregoing reasons, the judgment appealed from is affirmed at appellant’s cost.