282 So.2d 783 (1973)
Joseph THOMAS, as Administrator of the Estate of his minor son, Donald Thomas, Plaintiff-Appellant,
v.
Isaiah CHATMAN, Jr., et al., Defendants-Appellees.
No. 4296.
Court of Appeal of Louisiana, Third Circuit.
September 18, 1973.
*784 Reuvan Rougeau, Lake Charles, for plaintiff-appellant.
Plauche, Smith & Hebert by A. Lane Plauche, Jr., Lake Charles, for defendantappellee.
Kenneth E. Badon, Lake Charles, for defendant-appellee.
Scotty's Brick Co., thru Arthur Burch, Liquidator, Lake Charles, for defendantappellee.
Before FRUGE, SAVOY and DOMENGEAUX, JJ.
FRUGE, Judge.
Plaintiff, Joseph Thomas, brought this tort action as administrator of the estate of his minor son, Donald Thomas. This action was precipitated by an injury received by Donald Thomas while operating a fork-lift truck owned by Scotty's Brick Company, Inc. (Scotty's) and previously repaired by Dave's Truck Lift Service (Dave's). Defendants were Scotty's and Isaiah Chatman, Jr., for workmen's compensation and wages, and Dave's for damages resulting from the injury sustained. Judgment in the lower court was rendered against Scotty's as principal, and against Chatman as employer for workmen's compensation and wages. However, judgment was rendered against plaintiff on his claim against Dave's because of failure of the plaintiff to prove negligence on the part of Dave's.
The plaintiff appealed in forma pauperis, and the appeal itself involved only the question of the negligence vel non of Dave's. This court, after a most comprehensive review of the record of some 929 pages and with a full appreciation of the *785 facts of this case and the plight of the unfortunate plaintiff, affirms the decision of the trial court, albeit with some reluctance. A most careful consideration was given by this court to the entire record, due to the considerable proven injuries sustained and because of the asserted cause thereof.
This case involved perplexing circumstances as derived from the testimony presented in the trial court. The picture which evolves from the circumstances, as testified to, is substantially as follows. On the day, January 15, 1971, Dave's Lift Truck Service did extensive repair work upon the fork-lift belonging to Scotty's. The machine was then brought back to Scotty's on the 23rd of the same month. Subsequent to this date, and prior to the 1st day of March, 1971, other work was done on the machine at the brick yard situs. This included starting the engine, cleaning the spark plugs, and replacement of a steering sector on the machine.
Testimony of the employees of Dave's (who were accepted as experts by the court) indicated that the machine was functioning properly (as regards its steering mechanism) subsequent to the completion of the repair work. However, substantial conflicts arise when testimony of the witnesses for the plaintiff is taken collectively. From this latter testimony, it would seem that within a very short period of time prior to the date of the accident this machine was not functioning properly. Such was stated to be the fact by three of plaintiff's witnesses who were seemingly disinterested in the outcome of this case.
As aforestated, this court was most observant in respect to the record and deduced therefrom that the facts did not, in and of themselves, appear to present a clear, one-sided result. The testimony revealed essentially the following. First, this particular fork-lift had a history of mechanical malfunction; secondly, that the defendant, Dave's, was compensated for a complete overhaul of this particular machine; third, that the machine seemed to operate in an erratic fashion subsequent to the overhaul and prior to the accident (as testified to by witnesses for the plaintiff); fourth, that the plaintiff's minor son, Donald, was experienced in the operation of a fork-lift truck; and fifth, that the machine did not give problems subsequent to the overhaul (as testified to by the employees for the defendant).
Crucial to a determination of negligence on the part of Dave's and, thereby, consequential liability, was a proof of fault. Because the accident happened in a fashion and at a time during which no witnesses were in positions to observe, the burden of proof imposed upon the plaintiff was very large indeed. While the doctrine of "res ipsa loquitur" was not asserted by the plaintiff as a grounds for establishing defendant's liability in the trial court, it was seemingly attempted in theory, though not by name, in the appellate court. Plaintiff's endeavor to establish a basis for this doctrine was not ultimately successful. This determination was reached after considerable attention was focused by this court on the applicability vel non of the doctrine to the instant facts.
The doctrine of res ipsa loquitur (the thing speaks for itself) is one which is utilized when there is no direct evidence and, therefore, is a rule of circumstantial evidence which should not be confused with substantive law.
The renowned Professor William L. Prosser stated the conditions necessary for application of this doctrine as follows:
"1. The event must be of a kind which ordinarily does not occur in the absence of someone's negligence;
2. It must be caused by an agency or instrumentality within the exclusive control of the defendant;
3. It must not have been due to any voluntary action or contribution on the part of the plaintiff. Some courts have at least suggested a *786 fourth condition, that evidence as to the true explanation of the event must be more readily accessible to the defendant than to the plaintiff." W. Prosser, The Law of Torts, p. 218 (3rd edition, 1964).
Louisiana tort law has accepted and applied the doctrine in numerous cases which have been followed throughout the years. It was stated in the case of National Surety Corp. v. Travelers Insurance Co., 149 So.2d 438, 440 (La.App. 3rd Cir. 1963):
"Cases involving injuries inflicted on the plaintiff by steam, electricity, fire, gas, complicated industrial machinery, and other dangerous instrumentalities furnish the clearest instances of the use of the doctrine of res ipsa loquitur."
In the case of Haymark & Sons, Inc. v. Prendergast, 268 So.2d 110, 113 (La.App. 3rd Cir. 1972), three requirements of res ipsa loquitur were enunciated:
"1. The accident which damaged plaintiff was caused by an agency or instrumentality within the actual or constructive control of the defendant;
2. The accident is of a kind which ordinarily does not occur in the absence of negligence;
3. The evidence as to the true explanation of the accident is more readily accessible to the defendant than to the plaintiff."
In the earlier case, A. & J., Inc. v. Southern Cities Distributing Co., 173 La. 1051, 1053, 139 So. 477, 478 (1932), decided by the Supreme Court of Louisiana, the following was stated in regard to the doctrine of res ipsa loquitur:
"This is a rule of evidence peculiar to the law of a limited class of negligence cases; but where, as stated, the defendant has no control over the premises, or where there is a divided responsibility and the damage may have resulted from a cause over which the defendant had no control, all of the authorities hold, or at least the great weight of authority is, that the rule cannot be successfully invoked."
The doctrine as aforestated utilizes or requires the above elements in its general method of application. However, the doctrine itself is subject to an exception as stated in the Louisiana Supreme Court case of Plunkett v. United Electric Service, 214 La. 145, 159, 36 So.2d 704, 709 (1948), where the following was stated:
"But the fact of possession and control by the defendant is not always an essential element. The doctrine has been held to be applicable in numerous actions where the offending articles were not possessed and controlled by the defendants on the occurrence of the accidents, such as those for damages resulting from exploding bottles of carbonated beverages, from leakage of drums of acid, and from the blowout of a plug in a cylinder of acetylene gas. Important though in actions of this class is that the plaintiff prove freedom of fault on the part of all through whose hands the instrumentality passed after it left the defendant."
This particular case involved the installation of a heater and the subsequent burning down' of the house in which it had been installed. The Court in Plunkett, on rehearing, at 36 So.2d 704, 711, stated:
"Plaintiff is required to establish with certainty that the instrumentality installed by defendant is the source of the damage; that he was without fault, and that the time elapsing between the installation and the damage was such as to make it reasonably evident that the damage would not have been caused if the device had been free from defect and had been properly installed."
Pertinent to this discussion is the case of West v. Hydro-Test, Inc., 196 So.2d 598, *787 604 (La.App. 1st Cir. 1967), wherein it was stated:
"Even though defendant is not in actual or constructive control of the instrumentality at the time of the accident, defendant may nevertheless be held liable where it is shown the device or product is defective, if it can be shown the instrumentality or device was not tampered with by anyone through whose hands it passed from the time of its manufacture until the injury."
The case of Hargis v. Travelers Indemnity Co., 248 So.2d 613, 615 (La.App. 3rd Cir. 1971), stated:
"Both the Plunkett case and the jurisprudence following it required that where exclusive possession and control by the defendant of the offending instrumentality are not present, the plaintiff must show freedom from fault on the part of all through whose hands it passed after it left the defendant."
In the recent case of Speight v. Southern Farm Bureau Insurance Co., 254 So.2d 485, 487, in which the Third Circuit Court of Appeal allowed recovery by the plaintiff under the doctrine of res ipsa loquitur, the following was stated:
"Generally, the defendant must have the exclusive possession and control of the offending instrumentality, and if such is not the case the plaintiff must show freedom from fault on the part of all through whose hands it passed after leaving the defendant."
The doctrine of res ipsa loquitur was applied in Speight, supra, to allow recovery where the defendant's truck crashed into the home of the plaintiff, causing extensive damage. The truck was not under the control of any driver at the time, the defendant having left it parked on top of a nearby hill. The truck rolled down the hill subsequently and into plaintiff's house. It is supremely important to the plaintiff's case in this suit to note that in the Speight case, supra, the plaintiff was in no way connected with or in control of the instrumentality which caused the harm.
The last case presented by this court in its discussion and determination of the applicability of the doctrine of res ipsa loquitur to the factual circumstances of the instant case, is Boudreaux v. American Insurance Co., 262 La. 721, 264 So.2d 621. On original hearing by the Louisiana Supreme Court, Justice Tate dissented, his dissent later becoming the opinion of the Court upon rehearing. In his opinion, he brought the doctrine of res ipsa loquitur up-to-date in its manner of application. In his dissenting opinion, as well as the Court's final opinion on rehearing, Justice Tate pointed out the meaning of the phrase "preponderance of the evidence." His reliance was upon the case of Jordan v. Travelers Insurance Co., 257 La. 995, 245 So.2d 151, 155 (1971), which stated:
"In describing this burden of proof, the courts sometime speak of proof to a `reasonable certainty' or to a `legal certainty'; or of proof by evidence which is of `greater weight' or `more convincing' than that offered to the contrary; or (in the case of circumstantial evidence) of proof which excludes other reasonable hypotheses than the defendant's tort with `a fair amount of certainty.' Whatever the descriptive term used, however, proof by direct or circumstantial evidence is sufficient to constitute a preponderance, when, taking the evidence as a whole, such proof shows that the fact or causation sought to be proved is more probable than not."
Justice Tate's reliance was also placed upon the case of Naquin v. Marquette Casualty Co., 244 La. 569, 153 So.2d 395 (1963), which held that circumstantial evidence required in civil negligence cases need not negate all other possible causes of injury. He concluded that the res ipsa loquitur inference of negligence on the part *788 of the defendant would occur because the facts indicated this to be the more probable cause of injury in the absence of other "as-plausible" explanation by witnesses found credible.
From the aforestated jurisprudence, it can be readily observed that res ipsa loquitur, even if applied in its exceptional form, would not afford the plaintiff his desired relief. This is so, because of the following reasons. First, the time period (from the release of control by defendant and the assumption of control by plaintiff) which is required to be of a minimal nature to prevent acts of intervening negligence, was not present here. The doctrine is also rendered insupportable by the finding that the test of what is "more plausible" has not been met. Even if the doctrine was given attempted application, it can be seen that from the time at which the fork-lift truck was returned, being the date of January 23, 1971, until the date of the accident, being March 1, 1971, there was an interim of more than a month during which time other causes could have intervened which may have affected the performance of this lift truck. The Boudreaux test, supra, of plausibility would not be met because, in the instant case, the plaintiff was the operator of the vehicle and it cannot be said by this court that it is more plausible that the vehicle malfunctioned and turned over than it can be said that the vehicle turned over due to the negligent operation, thereof, by the operator, Donald Thomas. On the basis of the foregoing, it is concluded that res ipsa loquitur is not applicable in its general or exceptional form of application.
It is not forgotten or overlooked by this court that testimony was given which could be accepted as determinative of a history marked by malfunction, substandard performance, or faulty performance of the fork-lift in question. It is also noted that testimony by the plaintiff's witnesses was seemingly of an uninterested and credible nature. The expert of the plaintiff's was the only expert who testified that was given compensation by the court for his expert testimony. The witnesses of the plaintiff (other than his one expert) were all sequestered, while those of the defendant, being his employees who were also allowed to testify as experts by the court, were not. It is also noteworthy that the plaintiff evidently had operated fork-lifts for a period of two years prior to this accident, and there was no affirmative evidence presented of his negligent operation of this vehicle or of any other one, nor was there evidence presented of any prior accidents on his part.
A reading of this entire record revealed many contradictions on both sides, and an impression was left that the full truth was not being advanced at all times. This court, as aforestated, affirms the trial court with some reluctance. This affirmation is required because there did not exist positive testimony of the plaintiff's freedom from fault which would suffice to allow the reasonable application of the doctrine of res ipsa loquitur. This doctrine not being applicable, the plaintiff is without remedy.
It is also of much importance that though there were numerous and apparent conflicts in testimony, this court is unable in its exercise of factual review to try this case over again on the facts, as it is not best situated to determine the demeanor and veracity of the witnesses as was the trial court. Credibility of witnesses is to be determined by the trial court, as stated in the recent case of Thomas v. Grain Dealers Mutual Insurance Co., 270 So.2d 582, 583 (La.App. 2nd Cir. 1972):
"Where the testimony of opposing sides is in conflict, and credibility of witnesses is at issue, great weight must be granted the decision of the lower court."
*789 It was also stated:
"The reviewing court should not reverse where there is evidence in the record which supports the lower court judgment."
Also, in the case of Knighten v. American Automobile Insurance Co., 121 So.2d 344, 349 (La.App. 1st Cir. 1960), it was stated:
"Where the facts are in dispute, as here, especially so as in the instant case, where the resolution of conflicting factual accounts depends upon an evaluation of the credibility of witnessesit is very appropriate to give great weight to the findings of facts reached by the trial judge or jury."
The lower court in its written reasons stated the following:
"In view of the speculative nature of the plaintiff's proof on the subject, this court concludes he had failed to establish by a preponderance of the evidence that this accident was proximately caused by any defect resulting from neglect or improper workmanship on the part of Dave's in repairing the lift-truck."
It also held:
"All things considered, this court is not convinced that the plaintiff has proved his case against Dave's Lift Truck Service to the degree of certainty required by law."
This court, therefore, is unwilling in a case of this nature, dealing with highly technical facts and the operation of intricate machinery, to overrule by declaration of manifest error the findings of a trial court which sat with firsthand insight into these matters.
For the reasons assigned, the judgment of the trial court is affirmed in whole; costs of this appeal to be assessed against appellant.
Affirmed.