291 So.2d 486 (1974)
Lucy DAVIS et al., Plaintiffs-Appellants,
v.
AETNA INSURANCE COMPANY et al., Defendants-Appellees.
No. 4462.
Court of Appeal of Louisiana, Third Circuit.
March 12, 1974.
*487 Vincent Hazelton, Alexandria, Maxwell J. Bordelon, Marksville, for plaintiffs-appellants.
Roy S. Halcomb, Jr., Alexandria, for defendants-appellees.
Gold, Hall, Hammill & Little by John F. Simon, Alexandria, for third party defendant-appellee.
Before HOOD, MILLER and DOMENGEAUX, JJ.
MILLER, Judge.
Plaintiffs Lucy Davis and her husband appeal the trial court judgment denying their damage claim for her personal injuries sustained when an explosion occurred as she struck a match to light a butane stove. We affirm on finding no manifest error in the trial court's factual determination that the gas supplied by defendants was properly odorized.
Mrs. Davis was employed by the Victor McCarrolls as a domestic servant and lived on their premises in Avoyelles Parish three days each week. The McCarrolls used an electric stove for cooking, but had a butane gas stove for emergencies. The four burner apartment style gas stove had been used on natural gas for some fifteen years.
The McCarrolls had it converted to butane gas in April 1971 and placed the stove in an enclosed 8 × 10 × 8 foot unlighted storeroom located off their carport. The stove was located adjacent to the door which was the only opening to the storeroom. About June 1, 1971, Mrs. McCarroll used a screwdriver to turn off the pilot light to the gas stove.
On the night of June 30, 1971, the electric stove malfunctioned when the McCarroll's daughter attempted to boil water. She used the butane stove in the storeroom to heat the water. The flame flared when she lit the stove creating a small explosion. Although Mrs. Davis was on the premises at that time, Mrs. McCarroll left a note for Mrs. Davis telling her to prepare the morning coffee on the butane gas stove.
About 6 a. m. on July 1, 1971 Mrs. Davis read the note. She took a kettle and a match to the enclosed storeroom, opened the door, placed the kettle on the stove and *488 struck the match. An explosion occurred causing substantial damage to the storeroom and personal injuries to Mrs. Davis. She suffered mostly second degree burns, but some first and third degree burns.
The suit against the McCarrolls, their insurer Aetna Insurance Company, and three butane refiners was compromised for $23,000 shortly before trial. At trial the remaining defendants were Cenla Hydratane Gas Corporation, the butane retailer who sold LP gas to the McCarrolls, Cenla's insurer Continental Insurance Company, and Warren Petroleum Company, a refiner which supplied some LP gas to Cenla. The sole allegation of negligence was that Cenla and Warren supplied the McCarrolls with gas not properly odorized as required by regulation 1.2(h) of the rules and regulations of the Louisiana Liquified Petroleum Gas Commission. The regulations are authorized under LSA-R.S. 40:1846.
The trial court found that the fact that Mrs. Davis failed to smell gas when she opened the door did not prove the gas to be odorless. It was established that LP gas is heavier than air and will accumulate at ground level in a closed room; that the storeroom was a closed room; and that Mrs. Davis struck the match immediately after opening the door.
The McCarrolls and their daughter testified that there were occasions when they thought they should have smelled gas but did not. These occasions were several months before the July 1st explosion and were not reported. It was also established that gas might not have been flowing on those occasions when the McCarrolls thought they should have smelled gas.
We are impressed as was the trial court by the fact that the McCarrolls had the tank of gas on hand for several months after the accident, but neither the McCarrolls nor Mr. and Mrs. Davis tested or preserved gas for testing to determine whether or not the gas had been odorized. There is an overwhelming preponderance of evidence establishing that every load of gas delivered by Cenla was odorized with more than the required quantity of chemicals.
The trial court's factual determination is supported by the evidence.
Plaintiffs alternatively argue that the doctrine of "res ipsa loquitur" applies. Tassin v. Louisiana Power & Light Co., 191 So.2d 338 (La.App. 3 Cir. 1966), affirmed at 250 La. 1016, 201 So.2d 275 (1967); Langlinais v. Geophysical Service, Inc., 237 La. 585, 111 So.2d 781 (1959). Neither of these cases support the application of this doctrine in this case.
Res ipsa loquitur is not automatically applicable in an explosion case. Three requisites remain. It must be established that 1) the thing which produces the injury is under the exclusive control of defendant or his servants; 2) the injury would not have occurred unless defendants' negligence had been present in some form; and, 3) the facts causing the injury are peculiarly within the knowledge of defendant and not equally accessible to plaintiff. When these requisites exist, then, the burden is on defendant to explain the explosion if he is to escape the inference of negligence. The cited cases met these tests. These tests were also met in Northwestern Mutual Fire Association v. Allain, 226 La. 788, 77 So.2d 395 (1954) and Jones v. Shell Petroleum Corporation, 185 La. 1067, 171 So. 447 (1936).
None of the three requisites exist here. First, the gas in question was stored in a butane tank owned by and under the control of the McCarrolls for several months both before and after the explosion. Second, it was not established that the gas was not odorized. Third, appellants had access to the gas in the McCarroll tank for several months subsequent to the explosion to determine whether or not the gas had the required malodorant. Neither Cenla nor Warren knew about the claim that the gas did not have the required malodorant while the gas was available for testing.
*489 Plaintiffs alternatively claim that Cenla's failure to test each delivery of gas to determine that it contained the proper malodorant, is sufficient to support plaintiffs' claim. We reject this contention. It was established that retailers have no facilities for adding malodorant, but that manufacturers have the equipment and the chemicals. It was also established that every load of gas delivered to Cenla had a certificate signed by an agent of the manufacturer stating that a sufficient quantity of malodorant had been added to the gas. This meets the rules and regulations of the Louisiana Liquified Petroleum Gas Commission.
Finally, plaintiffs contend that the trial court erred in disallowing plaintiffs' appeal in forma pauperis. There was no suggestion that she or her husband owed debts and it was established that they had over $7,000 cash on hand. No jurisprudence has been cited to support appellants' contention. We find no manifest error in the trial court's ruling.
The judgment of the trial court is affirmed at appellants' costs.
Affirmed.