MILLER, Judge
(dissenting in part).
I respectfully submit that the jury determined that plaintiff was unworthy of belief. Their $100 award rejected her extensive complaints of pain and suffering which plaintiff claimed resulted from this accident. The majority has affirmed the jury award, and I agree that it should not be increased.
It is difficult for me to understand how a guest passenger plaintiff can recover when she judicially declares that she was alert and watching the road, that the driver was not speeding and was driving prop *374 erly, and that the driver could not have avoided the accident.
Plaintiff was the only witness to testify concerning' the issue of negligence, and her testimony completely absolves the driver Miss Royer of a breach of her duty to exercise ordinary and reasonable care. Plaintiff testified that she was awake and watching the highway at all times prior to and including the time of the accident, that Miss Royer was a good driver and was not driving too fast, and that they did not see ice on the road before or after the accident, not even on the bridge where the accident occurred. Plaintiff testified both at her discovery deposition and at trial that she did not know of anything Miss Royer could have done to avoid the accident.[1] Since plaintiff proved the driver was not negligent, defendant was not called upon to prove the same thing.
An automobile host driver is not an insurer of the safety of her guest passenger. Favalora v. Travelers Insurance Company, 223 So.2d 702 (La.App. 4 Cir. 1969). A driver owes to his guest passenger the duty of exercising ordinary and reasonable care for his guest’s safety. Fontana v. State Farm Mutual Automobile Insurance Company, 173 So.2d 284 (La.App. 3 Cir. 1965).
I fail to find a reasonable basis for the jury determination that Miss Royer (plaintiff’s roommate) breached a legal duty imposed on her to protect against the particular risk involved. Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972). Except for the fact than an accident occurred, there is nothing in this record to suggest that Miss Royer should have operated the vehicle in a different manner.
No authority has been cited to support the majority’s conclusion “that a driver who for some unexplained reason loses control of the automobile and runs off the road is presumptively negligent.” I respectfully submit that this is not correct.
The majority is apparently relying upon the doctrine of “res ipsa loquitur.” Absent special circumstances calling for application of res ipsa, there is no presumption or inference of negligence on the part of a defendant based upon the mere happening *375 of an accident. Pitre v. Employers Liability Assurance Company, 234 So.2d 847 (La.App. 1 Cir. 1970); Tarbox v. Eason, 179 So.2d 916 (La.App. 2 Cir. 1965); Bauer v. Columbia Casualty Company, 126 So.2d 398 (La.App. 2 Cir. 1961); Talbert v. Tyler, 121 So.2d 854 (La.App. 2 Cir. 1960).
One requirement for application of the res ipsa doctrine is that the facts causing the injury must be peculiarly within the knowledge of defendant and not equally accessible to plaintiff. Langlinais v. Geophysical Service, Inc., 237 La. 585, 111 So. 2d 781 (1959); Davis v. Aetna Insurance Company, 291 So.2d 486 (La.App. 3 Cir. 1974). This requirement was not met because plaintiff was as well informed as the driver concerning the facts causing the injury. In Hebert v. General Accident Fire & Life Assurance Corporation, 48 So.2d 107 (La.App.Orls. 1950), the court held res ipsa inapplicable on finding plaintiff guest passenger as well informed as the driver. 48 So.2d at 109.
Another requirement for application of res ipsa is that the accident must be one which ordinarily does not occur without fault. Langlinais, supra, and Davis, supra. In Schaubhut v. Liberty Mutual Insurance Company, 157 So.2d 346 (La.App. 3 Cir. 1963), res ipsa was held inapplicable where plaintiff proved that an automobile skidded. This was based on the finding that skidding may occur without fault.
I would affirm the jury determination that plaintiff is unworthy of belief and that her extensive complaints of pain and suffering were totally unrelated to the accident. Finding no evidence to support the finding that the driver was negligent I would dismiss plaintiff’s claim.
I respectfully dissent from the holding that plaintiff proved the driver’s negligence.

. These quotes are typical of her testimony.
Q. And, as she approached this bridge, your car was going straight ahead?
A. Right.
Q. No indication of any problem?
A. Right.
Q. And, then as you got on the bridge itself, all of a sudden, without any warning, the car lost control, is that correct?
A. Indeed it happened, yes, sir.
Q. And, as you approached this bridge, did you see the ice that was apparently on the bridge?
A. No, sir.
Q. So the fact is, Miss Ardoin, and in complete fairness, you really don’t know what caused that accident to happen?
A. Truly, sir.
^ ‡ í|í ‡ ‡
Q. Now, did you have any complaints regarding the manner in which Debbie had been operating your automobile, as you all drove on this trip and as you approached the area where the accident happened?
A. Would you rephrase that sir, please?
Q. Did you have any complaints_
A. Oh, no, sir.
Q. About how Debbie was driving the car?
A. No.
Q. You never did complain to Debbie about her driving too fast, did you?
A. Oh, no, sir.
Q. In point of fact, you didn’t feel that she was driving too fast, did you?
A. Not to my knowledge, no sir.
Q. You all had not encountered any ice on the highway or
A. Oh, no, sir.
Q. Or bridges prior to your reaching the bridge where the accident happened?
A. No, sir.
Q. And, you are not aware of anything that Debbie could have done to have avoided this accident, are you?
A. No, sir.
# 5jí 5¡! 5‡! Sfc
Q. The highway was dry, was it not? In the area where the accident happened?
A. Yes, sir, it was.