309 So.2d 772 (1975)
Frank C. FONTENOT, Plaintiff-Appellant,
v.
J. L. LUDEAU, Defendant-Appellee.
No. 4911.
Court of Appeal of Louisiana, Third Circuit.
March 19, 1975.
*773 Young & Burson, by J. Nilas Young, Eunice, for plaintiff-appellant.
Lewis & Lewis, by Seth Lewis, Jr., Opelousas, for defendant-appellee.
Before HOOD, CULPEPPER and MILLER, JJ.
MILLER, Judge.
Plaintiff Frank C. Fontenot appeals the judgment rejecting his claim against defendant J. L. Ludeau for the death of five animals resulting from insecticide poisoning. We affirm.
Ludeau had stored three to five sacks of seed rice in the hayloft of his barn. The seed had been treated with Aldrin, an insecticide frequently used to protect seed. Someone had gone to the hayloft, slashed the sacks and thrown the treated seed all over the barnsome in feed troughs located in or near the barn. The barn in question is located near an oil field road.
Prior to September 7, 1971, there was no fence between Fontenot's and Ludeau's properties. Ludeau had sold his cattle before this incident occurred, and Fontenot's cattle were not confined to his property.
On September 7, 1971, Fontenot found his registered Appaloosa stallion dead near Ludeau's barn. It was apparent that the horse had been eating the treated see, and a post-mortem examination confirmed that the horse died from eating the treated seed. The cows had been dead from two weeks to three months, and it was surmised that they too died from eating treated seed. Fontenot constructed a fence around the barn after his horse died.
The deciding judge did not have the benefit of seeing and hearing the witnesses testify. He decided the case as we are required to dosolely upon reading the "cold record." Although he was in no better position than are we to evaluate credibility of the witnesses (Jones v. New Orleans Great Northern R. Co., 122 La. 354, 47 So. 679 [1908]; Hebert v. Travelers Insurance Company, 245 So.2d 563 [La.App. 3 Cir. 1971]), we give some weight to his findings of fact. As noted in Canter v. Koehring Company, 283 So.2d 716 at 724 (La.1973), the trial court is allocated the function of making factual determinations. Ours is to review the record to determine whether or not those findings are supported.
Fontenot alleges the trial court erred in 1) not applying the doctrine of res ipsa loquitur, and in 2) finding no negligence on the part of Ludeau.
The trial court properly refused to apply the res ipsa loquitur doctrine. It is utilized where there is no direct evidence and, therefore, it is a rule of circumstantial evidence which should not be confused with substantive law. Thomas v. Chatman, 282 So.2d 783 (La.App. 3 Cir. 1973); Bertrand v. Aetna Casualty & Surety Company, 306 So.2d 343 (La.App. 3 Cir. 1975, # 4844). There is direct evidence in this case explaining the cause of the accident and the facts which allegedly constitute Ludeau's negligence.
Additionally, one requirement for application of the res ipsa doctrine is that *774 the facts which caused the injury must be peculiarly within the knowledge of defendant and not equally accessible to plaintiff. Langlinais v. Geophysical Service, Inc., 237 La. 585, 111 So.2d 781 (1959); Davis v. Aetna Insurance Company, 291 So.2d 486 (La.App. 3 Cir. 1974). This requirement was not met because Fontenot was as well informed as Ludeau concerning the relevant facts.
The court held Ludeau free from negligence on finding "... that defendant placed the rice sacks in his hay loft; that plaintiff's animals were on defendant's property with no more than tacit consent of the defendant; that plaintiff does not know that defendant or any of his employees or agents placed the (treated) rice in the troughs; that the (treated) rice was placed in the troughs by a person or persons unknown to either the plaintiff or the defendant; that an oil field road passes close to the barn, and that a lot of people travel that road; that the rice sacks had been cut crosswise by a person or persons unknown; that the defendant had warned the plaintiff and his brother (who lives near the barn) about the rice stored in the top of the barn."
We find no error in these findings and agree that Ludeau was free from negligence. Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972). In that case, a contractor left a ladder standing upright against a house. At some time prior to the accident, someone (not an employee or agent of defendant Lundin) moved the ladder and placed it in the yard. Plaintiff was aware of the changed position of the ladder on the ground, but nevertheless tripped and was injured. It was held that the risk encountered by plaintiff which caused her harm was the ladder lying on the ground where it had been placed by another. It was not established that defendant could have reasonably anticipated that a third person would move the ladder and put it in the position which created this risk, or that such a "naked possibility" was an unreasonable risk of harm. It was held that defendant was under no duty to protect plaintiff from the risk which gave rise to her injuries. 256 So.2d at 623.
In this case, Ludeau's alleged misconduct was in storing treated seed rice in his hayloft. The risk encountered by Fontenot which caused his loss was treated seed lying on the ground and in feed troughs which was put there by some unknown party. Fontenot had been warned of the storage of the treated seed in Ludeau's hayloft. There is no error in the trial court's holding that Ludeau was under no duty to protect Fontenot from the risks which allegedly caused the deaths of his animals.
The trial court judgment is affirmed at appellant's costs.
Affirmed.