LOBRANO, Judge.
On June 3, 1974, plaintiff, William C. Jones, (Jones) while employed by defendant, New Orleans Public Belt Railroad (Public Belt) was injured as a result of an accident that occurred on the Huey P. Long Bridge. Jones was part of a work crew repairing a hand rail on the bridge.
Following a trial before a court appointed commissioner, the case was transferred to Judge Ad Hoc Frederick Ellis for disposition. Because of personal difficulties, the Commissioner was unable to present any recommendations to the trial judge. However, based on the transcript and evidence submitted the trial judge rendered judgment in favor of Public Belt. From that judgment, Jones perfects this appeal.
All parties agree that Jones’ cause of action is brought pursuant to the Federal Employers’ Liability Act (FELA), 45 U.S.C. 51, et seq. Therefore, the issues presented by this appeal are two fold:
(1) The scope of appellate review under FELA where, the trial judge renders judgment based on a “cold” record.
(2) Whether the facts support a finding of liability under FELA
SCOPE OF REVIEW
This Court has previously defined the standard for review in a FELA action as follows:
“The scope of review by state appellate courts in reviewing federal statutory actions, such as FELA cases tried in state courts, is the same scope of review as is applicable in the federal court system, (citations omitted)
The applicable standard of federal appellate review is prescribed in Rule 52(a) of the Federal Rules of Civil Procedure and is set forth and discussed by Mr. Justice Reed in United States v. United States Gypsum Co., 333 U.S. 364, 395; 68 S.Ct. 525, 541; 92 L.Ed. 746 (1948), as follows: “That rule prescribes that findings of fact in actions tried without a jury ‘shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses ... ’”
A finding is ‘clearly erroneous’ when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.” Turner v. New Orleans Public Belt Railroad, 414 So.2d 847 (La.App. 4th Cir.1982), at 848.
Jones makes the interesting argument that we are not bound by the above rule since it is predicated on the trial judge being in a position to judge the credibility of the witnesses. He argues that since in this case the lower court made its determination from the same “cold” record upon which we base our opinion, the clearly erroneous principle should not apply.
This argument has merit. On numerous occasions this Court has held that our “manifest error” rule is not applicable where the trial judge was in no better position to assess credibility than this *921 court. Schwarz v. Bourgeois, 422 So.2d 1176 (La.App. 4th Cir.1982), writ denied 429 So.2d 153; Abu Alt v. Guillory, 271 So.2d 882 (La.App. 4th Cir.1978). In Moore v. Travelers Indemnity Co., 352 So.2d 270 (La.App. 2nd Cir.1977), writ denied 354 So.2d 1049 our brethren of the Second Circuit stated:
“Since the judge who rendered the decision had no opportunity to hear or observe the witnesses, the rule of according great weight to his factual findings is not applicable.” Id. at 272.
We hold that the reasoning of the above cited cases is equally applicable in reviewing this FELA case. Since the trial judge was in no better position than this court, the great weight normally accorded his factual findings will be tempered by our findings. See and compare Fontenot v. Ludeau, 309 So.2d 772 (La.App. 3rd Cir.1975). Unfortunately for Jones, however, this “modified” scope of appellate review does not change our opinion to affirm the judgment below.
LIABILITY
The law is clear that under FELA, Jones has the burden to prove by a preponderance of the evidence that his employer’s negligence played a part, no matter how small, in causing his injury. Dollens v. Public Belt Railroad Commission for the City of New Orleans, 333 F.Supp. 72 (E.Dis. of La.1971); Page v. St. Louis Southwestern Railway Co., 349 F.2d 820 (5th Cir.1965). In Rogers v. Missouri Pacific Railway, 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957) the U.S. Supreme Court stated that under FELA:
“The employer is stripped of his common law defenses and for practical purposes the injury in these cases today rarely present more than the single question whether the negligence of the employer played any part, however small, in the injury or death which is the subject of the suit. The burden of the employee is met, and the obligation of the employer to pay damage arises, when there is proof even though entirely circumstantial from which the jury may with reason make that inference.” Id at p. 507-508, 77 S.Ct. at p. 449.
Jones was part of a three man work crew that was assigned the task of repairing the guardrail on the left side of the westbound traffic lane of the Huey P. Long Bridge. They began work at approximately 9:00 A.M. the morning of the accident. The record reflects that the warnings posted consisted of the following. There were two signs on either side of the entrance to the bridge advising that there was road construction ahead. A sign stating “left lane closed 1500 feet” was posted on either side of the bridge, 1500 feet before the work site. Similar signs were posted 1000 feet and 500 feet before the work site. Signs warning “flag man ahead” were posted 250 feet before the construction site, and there was a flagman about 125 feet before the site. Between the flagman and the work site was two plastic cones. In addition, the work truck with the welding machine in tow was equipped with a rotating beacon and flashing lights which virtually every witness described as functioning prior to the accident.
Hampton, the driver of the automobile which crashed into the truck testified that he was a security officer for the U.S. Postal Service. The evening prior to the accident he had the night shift and worked from 10:30 P.M. to 7:00 A.M. After getting off work he met a female companion with whom he had several drinks, both in a motel room and a lounge. Prior to his returning home he went back to the Post Office to talk to the supervisor about getting off the next night. He left the Post Office about 1:30 P.M. and proceeded in a westerly direction across the Huey P. Long Bridge. He testified that he did not notice any of the warning signs and simply stated he must have just daydreamed and drifted into the left lane.
There is no question but that Hampton was negligent. Jones argues that Public Belt is also responsible under FELA because it failed to have safety meetings to properly instruct their employees, and because it was aware of many other accidents *922 that had previously occurred on this bridge. Jones argues that Public Belt failed to provide Jones a safe place to work.
We agree with the trial court’s conclusion and reject Jones’ argument. We find no negligence on the part of Public Belt, not even the slightest as required by FELA.
Accordingly the judgment of the lower court is affirmed. All costs to be borne by appellant.
AFFIRMED.